## 28468. TOP QUALITY HOMES, INC. et al. v. JACKSON.

INGRAM, Justice. This suit began as an equitable action by the appellee to cancel a deed. It was tried before a jury, but at the close of the evidence the trial court directed a verdict on behalf of the plaintiff.

Mrs. Lenora Silvers Jackson, the plaintiff and appellee, is an uneducated woman, aged 75, who can neither read nor write. She has owned and lived in her home for about 25 years. Mr. Weldon Hagood, at the time of this transaction with Mrs. Jackson, was an officer with Top Quality Homes and an experienced salesman of modular homes.

At the direction of Mr. Hagood, Mrs. Jackson executed what she thought was a will, but was actually a warranty deed on her property at 217 Mississippi Drive in Rome, Georgia, to Top Quality Homes, on September 26, 1970. The deed recited that it was done in consideration of $10 and other valuable consideration, with a transfer tax shown thereon of $4.50, indicating a consideration of $4,500 was paid to Mrs. Jackson.

The essence of the plaintiff's case turned on two theories of recovery: (1) that the deed was procured by fraud when Mr. Hagood misrepresented to Mrs. Jackson that she was signing a will; and (2) that there was fraud in the procurement of the deed as inferred from the equitable principles found in Code § 37-710.

The trial court, after hearing evidence from both sides, directed a verdict on behalf of the plaintiff, ordering the deed canceled, but denying plaintiff's prayer for damages as well as the defendants' counterclaim for damages. The only issue on appeal is whether the trial court erred in directing a verdict for plaintiff.

The verdict was directed on the basis of Code § 37-710 respecting inadequacy of consideration: "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." The trial court relied on the cases, *Tillman v. Byrd,* 211 Ga. 918 (89 SE2d 479), and *Sutton v. McMillan,* 213 Ga. 90 (6) (97 SE2d 139). See also, *Fender v. Fender,* 226 Ga.129 (173 SE2d 211). The trial court found, in the absence of other proof of fraud, that the low mental ability of the plaintiff, coupled with an inadequacy of consideration in the case, warranted the directed verdict.

Evidence in the record involving the failure of consideration was

as follows: Throughout the trial the defendants contended Top Quality Homes had entered into a written contract with Mrs. Jackson in which there was provided she would convey her property at 217 Mississippi Drive, Rome, Georgia, to Top Quality Homes as a down payment for a separate lot with a modular home constructed on it. This property was located at 98 General Avenue in Rome. The property to be bought by Mrs. Jackson, however, was not owned by Top Quality Homes but by Jess and Ada Loftin from whom Mr. Hagood testified he had obtained a written option to purchase. The alleged contract of sale between Mrs. Jackson and Top Quality Homes was never produced at the trial. In addition, the defendants never produced the option contract Mr. Hagood claimed he had with Mr. and Mrs. Loftin. The trial court, in fact, recessed the trial for two days to allow for the production of these documents but the defendants never did produce them. Consequently, all the evidence in the case regarding the existence of the contract for the sale of land with the house built by Top Quality Homes was completely parol.

Mr. Hagood further testified that at the time Mrs. Jackson signed the deed to her property to Top Quality Homes she was not given anything by way of money: i. e., although the transfer tax was indicated to be $4.50, the $4,500 in fact was not paid Mrs. Jackson. In other testimony of Mr. Hagood, it was further confirmed that he paid or gave to Mrs. Jackson no money whatsoever at the time the deed was signed, and Mrs. Jackson also testified to this effect.

After the deed was signed, Mrs. Jackson remained in her home, where she still resides. Title to the other property allegedly involved in the transaction, that of the Loftins, was never conveyed to Mrs. Jackson, and the evidence does not reveal any performance by Mr. Hagood or Top Quality under the terms of the alleged contract. However, Mr. Hagood did testify that he had constructed a modular house on this property but that he had not acquired title to it under the alleged option agreement with the Loftins.

The argument of appellant is that the trial court erred in directing a verdict because of the existence of material issues of fact respecting cancellation under Code § 37-710. Code Ann. § 81A-150 (a) provides: "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Appellants argue that

the evidence was equivocal on (1) the question of the mental capacity of Mrs. Jackson; and (2) on the question of inadequacy of consideration.

In *Tillman v. Byrd,* 211 Ga. 918, supra, this court stated (Hn. 3) that: "'Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence.' Code § 37-706. 'Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract.' Code § 37-710. 'Under the latter principle, a deed may be set aside in equity, on proof of the two elements stated, "without proof of anything else" as to fraud.' *Stow v. Hargrove,* 203 Ga. 735 (1) (48 SE2d 454). See also *Fuller v. Stone,* 207 Ga. 355 (1) (61 SE2d 467)."

Nevertheless, the appellants argue that, under *Jones v. Hogans,* 197 Ga. 404 (29 SE2d 568), the mental capacity of Mrs. Jackson is a jury question and could not be resolved by the court. See also *Ehlers v. Golding,* 227 Ga. 742, 744 (182 SE2d 870).

Appellant is correct that under the case of *Jones v. Hogans,* 197 Ga. 404, 410, supra, cited in *Tillman,* supra, the rule is that "The question of mental capacity to make a deed is a question of fact to be determined by the jury." It must be remembered, however, that in the present case we are not dealing with mental incompetency to make a deed. Rather, we deal here with "great disparity of mental ability in contracting a bargain." The two principles are related but not identical. Evidence showing without dispute a great imbalance of bargaining ability is enough to satisfy this required element of the theory for cancellation. The evidence showing that a 75-year-old woman, uneducated, with neither the ability to read nor write, was dealing with an experienced businessman under the circumstances of this case establishes that there was an imbalance or "disparity of mental ability in contracting a bargain."

Appellants argue there was a question of fact for jury resolution respecting the inadequacy of consideration for the deed. Code § 29-101 authorizes an inquiry into the nature of the consideration of a deed "when the principles of justice require it." Appellants urge the evidence shows there was at least some consideration for the deed since a promise will support an obligation, under Code § 20-302, and that Mr. Hagood and Top Quality Homes promised "to convey a house and lot to appellee, [which] if believed by the jury, was sufficient consideration to support the

deed."

The answer to this contention is that the alleged promise upon which such consideration is based is drawn from an alleged written contract to convey land, which contract was never proven by the appellants below. All testimony as to its contents was completely parol and no evidence whatsoever was introduced to substantiate the existence of the alleged promise to convey. The statute of frauds would thereby preclude oral proof of the written contract to convey land. Code § 20-401 (4).

Additionally, we are not dealing here with mere inadequacy of consideration as such, but with a complete failure of consideration. Mr. Hagood himself testified that no money was given Mrs. Jackson at the time the deed was signed. Even if the promise had been made to convey the separate lot and modular home to Mrs. Jackson when the deed was signed, the evidence indicates it would have been impossible for the promise to be fulfilled. Neither Top Quality Homes nor Mr. Hagood ever obtained title to the property (which was the subject of the reciprocal promise) and, therefore, could never have conveyed it, with the house, to Mrs. Jackson. Mr. Hagood never obtained title to the property from the Loftins. Mr. David Collins, an officer of Top Quality Homes, later obtained title to the Loftin property individually and then sold it to a third party. Thus, the title to it was never transferred to Mr. Hagood or to Top Quality Homes, the grantee of the deed from Mrs. Jackson. So, even if we may presume that the promise to convey was part of a binding obligation to convey the lot and house, the evidence is uncontradicted as to the impossibility of performance.

We affirm the judgment of the trial court as there was no material issue of fact for the jury to determine in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 3, 1973 — DECIDED MARCH 8, 1974.

*Clayton H. Hollinsworth, Jr.,* for appellants.
*James A. Robbins, Jr.,* for appellee.