## 29550. HARRELL v. WILSON.

JORDAN, Justice.

Melton Harrell, as administrator of Marie Harrell's estate, appeals an order of the Cobb County Superior Court granting appellee's motion for summary judgment and ordering the cancellation of a warranty deed purporting to convey certain real property from the appellee to the appellant's decedent.

The facts relevant to this decision are as follows: On January 25, 1971, Bessie Wilson, appellee here, filed a petition seeking equitable relief in the Cobb Superior Court in which she alleged that Marie Harrell had fraudulently influenced her to sign a warranty deed conveying her home place in DeKalb County. Appellee subsequently amended her complaint to include allegations as to her physical and mental condition at the time she allegedly executed the warranty deed in

question. The defendant filed her answer which contained a general denial and further alleged adequate consideration for the conveyance in question.

On February 10, 1971, a hearing was held on the plaintiff's complaint. Evidence was submitted at the hearing but the matter was continued by order of the trial court "for further hearing" to allow amendments to the pleadings and additional evidence.

Appellee filed a motion for summary judgment on August 2, 1973, and a month later filed a motion requesting that a guardian ad litem be appointed to represent her in the action. The requested guardian ad litem was appointed on September 5, 1973.

The original defendant died during the pendency of the action and on January 10, 1974, Melton Harrell, as administrator of the defendant's estate was substituted as the party defendant.

In support of her motion for summary judgment appellee submitted two affidavits. The first affidavit, signed by the plaintiff-appellee by making her mark, states in brief that she did not sell her house to the defendant; that she received no money from the defendant, and that if she signed any paper it was only to receive her welfare check. The second affidavit was signed by a real estate appraiser and contained an appraisal of the plaintiff's house and lot in February of 1971 at a minimum of $22,000.

On May 3, 1974, the defendant filed his opposition to plaintiff's motion for summary judgment and included two affidavits. The first affiant was the defendant, Melton Harrell, and he swore that he gave the plaintiff $1,000 cash for the property, paid $450 in back property taxes and allowed plaintiff to live free of charge at his boarding house until she left voluntarily. The defendant further swore that this was the consideration agreed upon and that the plaintiff appeared to be in a good state of health, both mental and physical, at the time she executed the warranty deed. The second affiant was the notary public who notarized the warranty deed and he swore that the plaintiff "appeared to be of sound mind and fully aware of the contents of the document which she executed."

On May 23, 1974, the trial court had a hearing on

plaintiff's motion for summary judgment and after hearing the arguments of counsel for the parties and examining the entire record, entered the following findings of fact and judgment on plaintiff's motion: "I find as fact that the late Mrs. Harrell, grantee in the deed sought to be canceled, never agreed to pay or do anything in consideration for the land of the plaintiff, nor did she pay anything for the property. I further find that the original plaintiff-grantor and the original defendant-grantee never in any way communicated regarding the transferring of the property, and therefore there was never any obligation upon the part of the grantee, Mrs. Harrell, to do anything. I further find that there was great inadequacy of consideration, joined with great disparity of mental ability in bargaining herein, of a nature so as to be fraudulent. I find that there was not sufficient consideration and that there was a failure of consideration because there was no personal contract between the parties, and any such obligation as might be implied was not ratified. I further find that by reason of the nature of the agreement alleged by the plaintiff, that such agreement is a violation of the Statute of Frauds.

"Now therefore, it is ordered, adjudged and decreed, that the deed from the plaintiff to the defendant . . . is hereby and forever set aside and declared null and void and it is further decreed that the fee simple title to said property is vested in the plaintiff herein, Bessie Wilson, and let a copy of this judgment and decree be spread upon the deed records in the Superior Court of DeKalb County, Georgia."

Apparently from the arguments of the parties to this appeal the trial judge based his decision on Code § 37-710 which provides as follows: "Inadequacy of consideration.— Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract."

In order for a motion for summary judgment to succeed the movant must show that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. Code Ann. § 81A-156 (c). There are two elements that have to be shown in order to

be entitled to relief under Code § 37-710, a great inadequacy of consideration and a great disparity in mental abilities. Proof of one without the other is not sufficient. *Maddox v. Simmons,* 31 Ga. 512.

A careful study of the record shows that there were several genuine issues of fact as to both the inadequacy of the consideration and the disparity of mental abilities of the contracting parties. Testimony and sworn affidavits are in direct conflict and a genuine issue as to the material facts arises from each. On motion for summary judgment the court cannot try issues of fact but is only concerned with whether there are issues of fact to be tried. See 10 Wright & Miller, Federal Practice and Procedure: Civil § 2712, p. 370. The further evidentiary hearing as contemplated by the order of February 10, 1971, was never held. The case sub judice is distinguishable from *Top Quality Homes, Inc. v. Jackson,* 231 Ga. 844 (204 SE2d 600).

Under this view, the trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

Argued January 20, 1975 — Decided March 4, 1975.

*Appleby, Hinson, Salter & Ringel, Jerry T. Hinson,* for appellant.

*Fredericks, Jones & Wilbur, Carl P. Fredericks,* for appellee.