40874. BEAULIEU OF AMERICA, INC. v. L. T. DENNARD & COMPANY, INC.

(315 SE2d 889)

WELTNER, Justice.

The City of Dalton completed a procedure for closing to public use portions of certain city streets, and thereafter conveyed by quitclaim its interest in such portions to the owner of property which was leased to Beaulieu of America, Inc. The tenant then erected gates which blocked public passage over the street area, and L. T. Dennard & Co. brought an action to enjoin the maintenance of any obstacle blocking passage over the area.

Upon complainant's motion for summary judgment, permanent injunction was granted, requiring removal of obstructions.

1. The principal issue in this case is whether the trial court, on summary judgment, properly rejected the contentions of Beaulieu of America, Inc. that any right which L. T. Dennard & Co. might have is barred by laches. The record establishes that public notice of the proposed closing of the streets was first published on November 15, 1982; that Beaulieu of America, Inc. had spent in excess of $8,000 in erecting the gates; and that the present action was not filed until April 21, 1983.

The trial court, in reviewing these matters, which appeared by affidavit, included in its order the following: "Therefore, the Court concludes as a matter of law that under the facts as alleged by the defendant, the plaintiff is not guilty of such laches or abandonment as would bar it from equitable relief. OCGA § 44-9-6."

" 'In determining whether there has been laches, various things are to be considered, notably the duration of the delay in asserting the claim, and the sufficiency of the excuse offered in extenuation thereof, whether during the delay the evidence of the matters in dispute has been lost or become obscure, whether plaintiff or defendant was in possession of the property in suit during the delay, whether the party charged with laches had an opportunity to have acted sooner, and whether the party charged with laches acted at the first possible opportunity . . . .' *Citizens & Southern Nat. Bank v. Ellis,* 171 Ga. 717, 733 (3) (156 SE 603)." *Hodges v. Libbey,* 224 Ga. 509, 510 (162 SE2d 716) (1968).

"Laches is an equitable defense. [Cits.] Anything to the contrary expressed in *Mason v. Carter,* 223 Ga. 2 (153 SE 162), is disapproved and will not be followed." *Watson v. Watson,* 235 Ga. 136, 138 (218 SE2d 863) (1975).

Laches is peculiarly a factual defense, the resolution of which will

rest in the sound discretion of the trial judge, sitting as a chancellor in equity, and without the intervention of a jury. *McGregor v. Town of Ft. Oglethorpe,* 236 Ga. 711, 713 (225 SE2d 238) (1976). Here, however, the trial court did not undertake to exercise the authority which it so clearly has to resolve disputed questions of fact, but rather rejected the laches defense as a matter of law. Upon review, we find that the affidavits filed on behalf of Beaulieu of America, Inc. create a genuine issue of fact, and summary judgment was inappropriate. OCGA § 9-11-56.

2. We take this occasion to call to the attention of bench and bar a situation which seems to us to occur with frequency, of which this case is example. Modern practice relies heavily upon summary judgment proceedings, in equitable matters as well as others. And while summary judgment may be a prompt, inexpensive, and fair means of resolving many controversies at law, it can become otherwise in cases in equity.

Equitable matters proceed almost invariably without the intervention of the jury, and trial courts are empowered to make findings of fact, which will not be disturbed on appeal absent a total want of supporting evidence. The standard for appellate review of summary judgment matters, however, is the reverse of that proposition — a trial court's grant of summary judgment will not be sustained if there is *any* genuine issue of material fact, however imbalanced it may appear.

In this case, the record before us would support amply a trial court's factual determination against a bar of laches. That same record, nonetheless, requires the remand of this case, with concomitant delay and expense.

The point of this observation is this: if trial judges, sitting in equity, would but take the few minutes more required to make findings of fact — rather than act on motions for summary judgment as a matter of law — the disposition of cases at the trial level would likely achieve a greater degree of finality, the number of appeals would be reduced substantially, and the public would be saved some measure of the cost and delay of the judicial process.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 22, 1984.

*Mitchell, Coppedge, Wester, Bisson & Miller, Warren N. Coppedge, Jr., J. Tracy Ward,* for appellant.

*Richard W. Andrews,* for appellee.