42039. GUILLEBEAU v. YEARGIN et al.

(330 SE2d 585)

WELTNER, Justice.

Smith, an 83-year-old widow, sold to Yeargin, a real estate broker, and Dove, his sales associate, certain property in Elbert County for the sum of $12,500. Hours later, they sold the same property to Albertson for $40,000. Two years later, Smith died and Guillebeau

was named executor of her estate.

In April 1983, Guillebeau filed suit in Elbert County against Yeargin, Dove, and Albertson, seeking to cancel the deed from Smith to Yeargin on the grounds of OCGA § 23-2-2 which provides: "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." A second count of the complaint alleged the contract was procured through fraud. The complaint contended that Albertson held the land under a constructive trust.

Yeargin and Dove's initial motions for summary judgment were denied on February 3, 1984. They moved for reconsideration in order that the court might receive certain depositions not yet filed. The court, apparently inadvertently, failed to rule formally on that motion. Nevertheless, testimony from the depositions was referred to in the parties' subsequent briefs to the trial court.

On April 10, 1984, Guillebeau moved to join as defendants the individual attorney who handled both closings and his law firm. Albertson moved for summary judgment, claiming that he was a bona fide purchaser without notice of any fraud. This motion was heard on May 8, 1984, at which time the court indicated it likely would be granted. The motion was granted by formal order several weeks later. The court also indicated that it was not disposed to grant Guillebeau's motion to join as parties the attorney and law firm.

Three days after this, Guillebeau voluntarily dismissed the action as to Yeargin and Dove, and then filed a new complaint in Oconee County (where Dove lived), naming Yeargin, Dove, the attorney and law firm as defendants.

Yeargin and Dove filed motions in Elbert County Superior Court to set aside the voluntary dismissal, to reinstate the case, and to grant their prior motions for summary judgment. The court granted all the motions.

1. OCGA § 9-11-41 (a) provides that "an action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict." "It has been held that the plaintiff's right to dismiss can not be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached, if he has acquired actual knowledge of the verdict or finding, whether the same has been published or not. [Cits.] The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained." *Peoples Bank of Talbotton v. Exchange Bank of Macon,* 119 Ga. 366, 368 (46 SE 416) (1904).

In *Groves v. Groves,* 250 Ga. 459 (298 SE2d 506) (1983), we held

that an oral announcement of the trial court's ruling relative to temporary custody in a divorce action was a "verdict" within the meaning of OCGA § 9-11-41 (a).

In like manner, we hold that the announcement of a ruling by the trial court (after more than a year of litigation) relative to Albertson's motion for summary judgment is a "verdict," for purposes of the dismissal statute.

Guillebeau's complaint links Albertson with Yeargin and Dove, and alleges that the entire transaction was fraudulent. Thus, the court's announcement on May 8 regarding summary judgment in favor of Albertson permanently affected the course of the litigation — as to Yeargin and Dove as well as to Albertson. The effect of such an announcement, equivalent to a verdict, cannot be circumvented by the dismissal of the lawsuit, even though a later complaint fails to join the party to whom judgment was granted. Hence, we need not address the question of whether the tentative announcement with respect to joinder of the attorney and the law firm is a verdict within the meaning of the statute.

Such a ruling comports with principles of judicial economy, and with OCGA § 9-11-1, in securing the "just, speedy, and inexpensive determination of every action."

It should be noted that our holding is not applicable to those situations which are filed anew in a different county out of the necessities of venue.

2. Yeargin and Dove's motions for summary judgment initially were denied. After the attempted dismissal by Guillebeau and the subsequent reinstatement of his complaint in Elbert County, the motions as to all counts were granted.

Smith was 83 years old, and inexperienced in land transactions. There is conflicting testimony as to her mental competency and ability in handling her affairs at the time of the sale. Yeargin is a licensed real estate broker, and Dove a licensed agent, both with substantial experience in real estate. They bought the land for $12,500 and sold it immediately thereafter for $40,000. There is conflicting testimony as to representations and statements made to Smith prior to the sale.

"In order for a motion for summary judgment to succeed the movant must show that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. [OCGA § 9-11-56]. There are two elements that have to be shown in order to be entitled to relief under [OCGA § 23-2-2], a great inadequacy of consideration and a great disparity in mental abilities. Proof of one without the other is not sufficient. *Maddox v. Simmons*, 31 Ga. 512.

"A careful study of the record shows that there were several genuine issues of fact as to both the inadequacy of the consideration and the disparity of mental abilities of the contracting parties. Testimony

and sworn affidavits are in direct conflict and a genuine issue as to the material facts arises from each. On motion for summary judgment the court cannot try issues of fact but is only concerned with whether there are issues of fact to be tried." *Harrell v. Wilson,* 233 Ga. 899, 902 (213 SE2d 871) (1975).

Similarly, in this case there is dispute as to adequacy of consideration, as well as to disparity in the mental abilities of the contracting parties. See *Top Quality Homes v. Jackson,* 231 Ga. 844 (204 SE2d 600) (1974). Thus, summary judgment should not have been granted.

3. We note that inadequacy of consideration is an equitable matter, which may be resolved without a jury. In this connection, see *Beaulieu of America, Inc. v. L. T. Dennard & Co., Inc.,* 253 Ga. 21 (315 SE2d 889) (1984).

4. As to the fraud count, the court held that there must be a showing that a confidential relationship existed between the parties, or that the party relying on the fraud did not have an "equal and ample opportunity to prevent the happening of the occurrence." *Millender v. Looper,* 82 Ga. App. 563, 569 (61 SE2d 573) (1950).

Factual questions remain as to whether the parties formed a confidential relationship, or, in the alternative, whether Smith properly relied on Yeargin and Dove's representations. Thus, summary judgment as to this count should have been denied.

*Judgment affirmed in part and reversed in part. Marshall, P. J., Clarke and Weltner, JJ., and Judge Clarence Cooper concur. Hill, C. J., Gregory and Bell, JJ., dissent. Smith, J., disqualified.*

GREGORY, Justice, dissenting.

I respectfully dissent to Division 1 of the majority opinion because the dismissal by plaintiff occurred at a time before verdict. Whether this is a good rule or a bad rule, it is what the legislature has provided in OCGA § 9-11-41 (a). The result reached in the majority opinion can only be attained by abolition of the rule, a matter for the General Assembly. I would reverse.

I am authorized to state that Chief Justice Hill and Justice Bell join in this dissent.

DECIDED JUNE 11, 1985 —
REHEARING DENIED JUNE 27, 1985.

*Corlew, Smith & Wright, Harold D. Corlew, William H. Smith, Jr., Roberts & Hodges, James I. Roberts,* for appellant.

*Lavender, Lavender & Phelps, Woodrow W. Lavender, R. Chris Phelps, Smith & Johnson, Truett Smith,* for appellees.