S91A0274. KELLY v. VARGO.
(405 SE2d 36)

SMITH, Presiding Justice.

The appellant, James W. Kelly, and the appellee, William R. Vargo, were the sole shareholders in a Georgia corporation, Var-Kel, Inc. A series of disputes between the parties resulted in a liquidation discussion. The parties entered into a liquidation agreement on De-

cember 31, 1988. Subsequently, appellee Vargo filed suit seeking specific performance under one of the terms of the agreement. Mr. Vargo's motion for summary judgment for specific performance was granted. We reverse.

1. The party seeking summary judgment bears the burden of establishing the non-existence of any genuine issue as to any material fact and the right to a judgment as a matter of law. Any doubt as to the existence of substantial issues of fact is resolved against the movant. The party opposing the motion is to be given the benefit of all reasonable doubt and all favorable inferences that may be derived from the evidence produced. See OCGA § 9-11-56 (c).

2. The parties expressly agreed that either party could seek specific performance of any provision under the liquidation agreement; however, specific performance is not a matter of absolute right. Inadequacy of price or any other fact that shows that the contract was unfair, unjust, or against good conscience justifies a court in refusing to decree a specific performance. OCGA § 23-2-133. To prevail in a suit for specific performance of a contract for the sale of land, the "plaintiff must prove the value of the property so as to enable the court to determine that the contract was fair, just and not against good conscience. [Cits.]" *Moody v. Mendenhall*, 238 Ga. 689, 693 (234 SE2d 905) (1977). Because that essential element is missing in the evidentiary materials before the trial court,[1] summary judgment should not have been granted.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 20, 1991 —
RECONSIDERATION DENIED JULY 10, 1991.

*Dawkins & Serio, Harrill L. Dawkins, Salvatore J. Senior, Donna M. Swilley*, for appellant.
*Read, Huddleston & Medori, Eugene A. Medori, Jr.*, for appellee.

---

[1] "See generally *Beaulieu of America v. L. T. Dennard &c.*, 253 Ga. 21 (1, 2) (315 SE2d 889) (1984), regarding the disadvantages of a trial court entering summary judgment on a claim of equitable relief." *Amdahl Corp. v. Ga. Dept. of Administrative Svcs.*, 260 Ga. 690, 698 (398 SE2d 540) (1990). "We note that inadequacy of consideration is an equitable matter, which may be resolved without a jury." *Guillebeau v. Yeargin*, 254 Ga. 490 (3) (330 SE2d 585) (1985).