S92A0256. COLQUITT COUNTY HOSPITAL AUTHORITY v. HEALTH STAR, INC.
(417 SE2d 147)

FLETCHER, Justice.

Colquitt County Hospital Authority, ("authority"), appeals from the trial court's grant of partial summary judgment to Health Star, Inc. and imposition of an injunction against the authority, permanently enjoining it from engaging, directly or indirectly, in certain health care related activities. We reverse.

The authority is a governmental entity created pursuant to what is now the Hospital Authorities Law (OCGA § 31-7-70 et seq.; Ga. L. 1964, p. 499). Health Star, Inc. filed suit against the authority, alleging, in part, that the authority was engaging, either directly or indirectly through Visiting Nurses Association of Greater Colquitt County ("VNA"), in certain health care related activities which Health Star contends constitute ultra vires competition by a public entity against private enterprise. Health Star seeks, in part, to enjoin the authority from engaging in those activities.

On cross-motions for summary judgment, the trial court granted partial summary judgment to Health Star, permanently enjoining the hospital authority from engaging, either directly or indirectly through VNA, in the business of selling or leasing durable medical equipment and providing the public with non-emergency transportation to and from medical appointments.

1. To succeed on a motion for summary judgment, the movant

---

must show that there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). In ruling on a motion for summary judgment, a trial court is not empowered to resolve disputed issues of material fact but merely to determine if such issues exist for resolution. *Guillebeau v. Yeargin*, 254 Ga. 490, 493 (330 SE2d 585) (1985); *Harrell v. Wilson*, 233 Ga. 899, 902 (213 SE2d 871) (1975). "[I]f genuine issues of fact do exist, summary judgment must be denied in a proceeding for equitable relief." 10A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure: Civil § 2731 (2d ed. 1983).

2. In the present case, genuine issues of material fact exist concerning whether the authority is providing services and assistance to VNA pursuant to OCGA § 31-7-75 (24) and (25) or whether the authority controls VNA and thus performs acts directly or indirectly through VNA that the statute does not permit. As a result, it was error for the trial court to resolve the disputed issues, grant partial summary judgment to Health Star, and impose a permanent injunction against the authority.[1]

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 25, 1992.

*Whelchel, Whelchel & Carlton, Hoyt H. Whelchel, Jr., Alston & Bird, G. Conley Ingram, Jack S. Schroder, Jr.,* for appellant.
*Fallin & McIntosh, William G. Fallin,* for appellee.

---

[1] A trial court may, however, in an equity case such as this, forego consideration of the motion for summary judgment and simply conduct a non-jury trial, resolving the fact issues as the finder of fact. See *Beaulieu of America, Inc. v. L. T. Dennard & Co.*, 253 Ga. 21, 22 (315 SE2d 889) (1984).