A93A0415. MALAGA MANAGEMENT COMPANY v. JOHN DEERE COMPANY.

(431 SE2d 746)

BIRDSONG, Presiding Judge.

Appellant/defendant MALAGA Management Company appeals

the order of the superior court granting summary judgment to appellee/plaintiff John Deere Company and concurrently issuing a writ of possession of a John Deere mower.

In February 1990, MALAGA purchased and subsequently leased the St. Andrews Country Club to tenants Chris Wyant and to the Bear Lake Corporation. The lease preamble defines "improvements" to include all equipment described in an attached exhibit "B," and defines "property" to include the land and the "improvements." Paragraph nine of the lease allows the tenant to make reasonable alterations, changes, and modifications in and upon the "property" as the tenant may desire. Paragraph nine further authorizes the tenant to remove personalty from the property at the expiration or termination of the lease agreement, and provides that if the tenant fails to remove same by the end of the agreement said items shall become and remain property of MALAGA free and clear of all "tenant" claims thereto.

In June 1990, Metrac, Inc. sold a John Deere mower under a loan contract-security agreement listing the club and William Taylor as borrowers. Metrac subsequently assigned the loan contract-security agreement to John Deere who had provided the purchase money for the sale. The security agreement has never been perfected. Taylor is identified as a "president" on the loan contract; he was at the time president of Bear Lake. However, the loan contract could be reasonably construed as listing Taylor as "president" of the St. Andrews Golf Club. Taylor did not sign the contract; rather, the loan contract was signed by "Tony Musgrove, V.P." Although Musgrove is alleged to be the CEO of Bear Lake, the loan contract could be reasonably construed as identifying him as Vice President of St. Andrews Golf Club. At the time of the lease, the club owned a fairway mower.

In February 1991, tenants defaulted on the lease and turned the club over to MALAGA who discovered their fairway mower missing and took possession of the John Deere mower left on the club premises. Appellee filed writ of possession of the John Deere mower and received grant of summary judgment.

MALAGA asserts the trial court erred in granting appellee's motion for summary judgment because the tenant (Bear Lake Corporation) under the lease agreement owned the mower, and title to personal property of tenant was transferred by terms of the lease to appellant/lessor upon tenant's default under the lease. John Deere alleges it is entitled, as a matter of law, to a writ of possession as MALAGA has no interest in the mower and it holds an unperfected purchase money security interest with the mower as collateral. The trial court granted appellee's motion based on a finding that MALAGA did not have an ownership interest in the mower. *Held*:

1. Factual representations in briefs unsupported by the record will not be considered on appellate review. *Behar v. Aero Med Intl.*,

185 Ga. App. 845, 846 (1) (366 SE2d 223). The articles of incorporation of the Bear Lake Corporation are not contained in the record; accordingly we cannot consider this document.

2. MALAGA asserts there exists evidence of record that its mower was traded-in on the John Deere mower. However, in his deposition, the president of MALAGA testified that he did not have any evidence that their fairway mower was traded-in on the John Deere mower. MALAGA's claim of evidence of a trade-in ("change" of mowers) fails, due to the lack of a reasonable explanation for this inconsistent testimony. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680).

3. Although appellant's president testified that St. Andrews Country Club is a registered or reserved trade name, the record contains no documents establishing that fact, and assuming arguendo such action did occur, the record fails to establish when such trade name was registered or reserved. No reasonable inference can be drawn from the record as to when such registration or reservation may have been accomplished.

4. On the face of the lease and the loan-security agreement, the tenants in the lease are not the same legal entities and/or persons as are the owners of the John Deere mower under the express terms of the loan-security agreement. Appellant, however, asserts Musgrove and Taylor, doing business as St. Andrews Golf Club, is the alter ego of Bear Lake, and that the issue of piercing the corporate veil of Bear Lake is a jury issue. This issue, however, was not raised until appeal; after summary judgment is granted to a movant/plaintiff, a nonmovant/defendant may not raise an argument or defense not asserted in the trial court. *Minor v. E. F. Hutton & Co.*, 200 Ga. App. 645, 646 (1) (409 SE2d 262).

Thus, we agree with the primary conclusion of the trial court that, on October 4, 1990, the John Deere mower was owned by "St. Andrews Golf Club and/or Tony Musgrove and/or William H. Taylor, Jr.," and that "no party has presented proof of any transfer of title from those persons or entities to the tenants" listed in the lease agreement. A legal status (such as ownership) when proved to exist will be presumed to have continued to exist, until evidence is introduced to the contrary. See *Esco v. Jackson*, 185 Ga. App. 901, 906 (2) (366 SE2d 309). This rule of evidence constitutes a rebuttable presumption of continuation and is "separate from those rules allocating burdens of proof at trial and on motion for summary judgment." *Prophecy Corp.*, supra at 28.

At most, only a shadowy semblance of an issue remains whether appellant had an ownership interest in the John Deere mower. In disposition of summary judgment cases, while there may be some shadowy semblance of an issue a case may nevertheless be decided as a

matter of law where, as in the case at bar, the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion. *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 424 (373 SE2d 515).

5. Additionally, the construction of both the lease and loan contracts, whether or not such contracts contained ambiguous provisions, presented questions of law for the trial court in this case. *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308); compare *Borders v. Global Ins. Co.*, 208 Ga. App. 480 (430 SE2d 854). The trial court concluded in the alternative that the language of paragraph nine of the lease does not support a conclusion that title to the John Deere mower was transferred to the appellant/lessor by virtue of being left on the lease premises; and that paragraph nine is construed to apply "to normal modifications of the land itself, not to any and all personal property that a tenant might happen to bring upon the land." In essence the trial court held that the term personalty in paragraph nine, when viewed in the context of the entire lease contract, applied only to such personalty as was brought upon the leased real property for the purpose of effecting an alteration, change, or modification in or upon said property. We find from an examination of the totality of the lease that an ambiguity exists in the lease contract regarding the meaning of the term "property" as used in various provisions thereof, and that the trial court did not err in its construction of either the lease or the loan-security contract in this case.

Further, assuming arguendo the term "property" included the original fairway mower, there exists no genuine material issue of fact (see Division 2 above) that the John Deere mower was used to alter, change, or modify said original mower, and thus no evidence exists that the John Deere mower would constitute "personalty" within the meaning of paragraph nine in any event. "[A] grant of summary judgment must be affirmed . . . if it is right for any reason." *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419, 423 (3) (405 SE2d 61).

6. Appellee made a prima facie showing of its legal entitlement to the mower by establishing attachment of its unperfected security interest. OCGA §§ 11-9-201; 11-9-203; 11-9-301; see OCGA § 11-9-306 (2); see generally *Babson &c. Plan v. Cordele &c. Assn.*, 146 Ga. App. 266, 270 (1b) (246 SE2d 354). " ' "Once the moving party for summary judgment has carried its burden of making out a prima facie case, the burden shifts and the opposite party must come forward with rebuttal evidence or suffer judgment against him." ' " *Hussey &c. v. Ga. Ports Auth.*, 204 Ga. App. 504, 505 (1) (420 SE2d 50). Appellant has failed to carry this burden.

For each of the above reasons, appellant's contentions in support of its enumerations of error are without merit.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 27, 1993.

*Jett & Liss, Adam G. Jett, Jr.*, for appellant.
*Thompson, O'Brien, Kemp & Nasuti, R. Michael Thompson, Thomas S. Kenney*, for appellee.