A94A0516. ALLTRADE, INC. v. McDONALD.
(445 SE2d 856)

BEASLEY, Presiding Judge.
    Defendant Alltrade, Inc. was granted interlocutory appeal from the denial of its motion for summary judgment in this product liability action brought by McDonald involving a two-step aluminum ladder. McDonald alleged that he purchased the stepladder from The Home Depot, Inc. in November 1984. On October 3, 1990, while McDonald was descending it, the bottom step collapsed and broke, causing him to fall and suffer injuries including a broken hip. The facts of Alltrade's involvement are not in dispute and the case stands or falls on the application of OCGA § 51-1-11.1.
    The original manufacturer of the ladder was Chuan Fong Industrial Corporation (CFIC) based in Taiwan. CFIC sold it as part of a bulk sale of stepladders to Andrew's International Company, Ltd. (Andrew's), also based in Taiwan, which then sold the stepladders to Alltrade during 1983 and 1984. CFIC had stamped the name "Alltrade" on all the ladders. Alltrade was a separate legal entity from Andrew's and CFIC. Alltrade did not provide any design information or specifications to either CFIC or Andrew's. Nor did it make or assemble the ladders or any of the component parts. Alltrade did not inspect or test any of the ladders nor was it aware of any problems or defects in them. In fact, Alltrade received the ladders from Andrew's in closed cardboard cartons and in turn sold the ladders in the unopened cartons to The Home Depot, Inc., in 1983 and 1984. Alltrade did not affix any warnings, warranties or instructions to any of the ladders or the cartons in which the ladders were received, nor did it participate in the preparation or drafting of any such instructions, warranties or warnings which were or might have been affixed to the ladders or cartons which were received and subsequently shipped by Alltrade.
    The original suit, filed on December 31, 1991, named Home De-

pot, Alltrade, and "an unknown manufacturer." It contained claims for alleged breach of express and implied warranties, negligence, and strict liability under OCGA § 51-1-11. Home Depot and Alltrade filed a joint motion for summary judgment on all claims. Plaintiff McDonald amended and redrafted the complaint to dismiss as defendants Home Depot and "an unknown manufacturer" and also to dismiss the claims against Alltrade, save for the strict liability clause under OCGA § 51-1-11. The trial court denied Alltrade's renewed motion for summary judgment on this remaining claim.

Alltrade contends it has no liability to the plaintiff under OCGA § 51-1-11 because it was not a manufacturer within the meaning of the statute. Rather, Alltrade maintains it is a product seller, as defined in OCGA § 51-1-11.1.

OCGA § 51-1-11.1 provides in pertinent part: "(a) As used in this Code section, the term 'product seller' means a person who, in the course of a business conducted for the purpose leases or sells and distributes; installs; prepares; blends; packages; labels; markets; or assembles pursuant to a manufacturer's plan, intention, design, specifications, or formulation; or repairs; maintains; or otherwise is involved in placing a product in the stream of commerce. This definition does not include a manufacturer which, because of certain activities, may additionally be included within all or a portion of the definition of a product seller.

"(b) For purposes of a product liability action based in whole or in part on the doctrine of strict liability in tort, a product seller is not a manufacturer as provided in Code Section 51-1-11 and is not liable as such."

Plaintiff McDonald urges that Alltrade is liable as the manufacturer because it placed the stepladder in the stream of commerce under its trade name. He relies on Georgia cases which adopt a rule from the Second Restatement of the Law of Torts, § 400.[1] That rule states that " '[o]ne who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer.' " *Pierce v. Liberty Furniture Co.*, 141 Ga. App. 175, 179 (233 SE2d 33) (1977). Such "ostensible" or "apparent" manufacturer cases predate the tort reform passed by the legislature in 1987, of which OCGA § 51-1-11.1 is a part. See also and compare *English v. Crenshaw Supply Co.*, 193 Ga. App. 354 (387 SE2d 628) (1989), in which the plaintiff's injury occurred in 1983. Under the plain meaning of the statute, one who merely labels a product as its own prior to its sale but has no input into its making, either by design

---

[1] Compare Restatement of the Law, Torts; Products Liability, Tentative Draft No. 1, § 1 (April 12, 1994).

or manufacture or assembly, is a product seller and not a manufacturer. See *Morgan v. Mar-Bel*, 614 FSupp. 438 (N.D. Ga. 1985).

"A cause of action for strict liability can be maintained only against the manufacturer of a product. OCGA § 51-1-11.1. A mere 'product seller' is not a manufacturer, and is not liable as a manufacturer on grounds of strict liability. OCGA § 51-1-11." *Ream Tool Co. v. Newton*, 209 Ga. App. 226, 227 (3) (a) (433 SE2d 67) (1993).

In *Freeman v. United Cities Propane Gas of Ga.*, 807 FSupp. 1533 (M.D. Ga. 1992), the federal court squarely addressed this issue of Georgia law. It found that although "[u]nder the former law an entity that labeled and marketed a product as its own was a manufacturer . . . [t]he General Assembly has now enacted a statute that eliminates this type of 'manufacturer' from strict liability under Georgia law." Id. at 1539-1540. The court read OCGA § 51-1-11.1 "as a legislative attempt to confine strict liability to actual manufacturers — those entities that have an active role in the production, design, or assembly of products and placing them in the stream of commerce." Id. at 1540. It further concluded that "[t]he verbs chosen by the General Assembly indicate a desire and intent to overrule those cases that had created a broad category of entities that had no real role in the creation of products" and that "as a result of OCGA § 51-1-11.1 the category of 'ostensible manufacturer' no longer exists in Georgia." Id. We agree.

As this Court noted in *Tyler v. Pepsico*, 198 Ga. App. 223, 225 (1) (400 SE2d 673) (1990), quoting *Daniel v. American Optical Corp.*, 251 Ga. 166, 167 (1) (304 SE2d 383) (1983), OCGA § 51-1-11 (b) "is in derogation of the common law and ' "must be strictly construed or limited strictly to the meaning of the language employed and not extended beyond plain and explicit terms." (Cits.)' [Cit.]"

An entity which merely affixes its label to a product and sells it under its name is a product seller rather than a manufacturer under OCGA § 51-1-11 and is not liable in a product liability action based on the doctrine of strict liability in tort. As correctly stated in Maleski, Ga. Products Liability (2d ed.), § 2-3, p. 41: "[T]he Tort Reform Act of 1987 limited the class of manufacturers subject to strict liability by defining the excluded class of 'product sellers' to include those who merely 'label' the product as their own." Cases holding to the contrary will no longer be followed, as we are not at liberty to limit the excluded class judicially.

Judgment in favor of Alltrade on plaintiff McDonald's claim of strict liability was demanded as a matter of law.

*Judgment reversed. Birdsong, P. J., Andrews and Johnson, JJ., concur. Pope, C. J., Blackburn, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur specially. McMurray, P. J., disqualified.*

Pope, Chief Judge, concurring specially.

I am compelled to agree with the majority that only the actual manufacturer of a product may be held strictly liable for defects in a product under OCGA § 51-1-11.1 as it is written. However, I believe this law is unfair when it is applied to a case such as this one, where a company has put its own trade name on a product, thus leading the public to believe it manufactured the product even though it did not. Other states which statutorily immunize or limit the liability of nonmanufacturers as a general matter nonetheless provide in their statutes that nonmanufacturers have the liability of manufacturers if they market the product under their label, trade name or brand name. See Ohio Rev. Code Ann., § 2307.78 (B) (7) (Anderson 1991); Wash. Rev. Code Ann., § 7.72.040 (2) (e) (1992). To avoid unfairness, I recommend that our legislature fine tune our statute in the same way.

I am authorized to state that Judge Blackburn, Judge Smith and Senior Appellate Judge Harold R. Banke concur with this special concurrence.

DECIDED JULY 5, 1994.

*Fellows, Johnson, Davis & LaBriola, Henry D. Fellows, Jr., G. Terrell Davis*, for appellant.

*Mackay, Daniel, King, Hudson & Bryce, T. Emory Daniel*, for appellee.