### A96A0827. ROBERTS et al. v. JONES.
(475 SE2d 193)

BIRDSONG, Presiding Judge.

Jack Randolph Roberts, individually and as administrator of the estate of Jack Roberts, deceased, appeals the grant of summary judgment to defendant William B. Jones, M. D.

Appellant Roberts sued Dr. Jones for battery, for having successfully performed an emergency "dorsal slit" in Jack Roberts' penis foreskin after Jack Roberts had not urinated for 14 hours. Two other physicians, including a urologist, had attended Roberts and had been unable to insert a catheter. Although Roberts later died, it is not contended the procedure performed by Dr. Jones contributed to Roberts' death.

The allegation of battery is founded on this statement: "I do not want to be operated on or any other treatment that will cause pain and suffering," which Roberts specially inserted in the Durable Power of Attorney he executed prior to hospitalization, naming his son, appellant, and a daughter as his agents under a "health care agency" power. It is *apparently* undisputed that Roberts' daughter told a hospital employee of the Durable Power of Attorney which contained her and her brother's health care agency appointment, and the hospital employee indicated that the document was contained in Roberts' medical records. However, it is also *apparently* undisputed that the Durable Power of Attorney was not in Roberts' chart, that appellee Jones did not see it and that neither of Roberts' agents informed him of it. Appellant contends, however, that before he had a chance to tell Jones of the Durable Power of Attorney and health care agency Jones instructed him to leave the room. *Held*:

1. As to actions for battery against a physician, see generally *Williams v. Lemon*, 194 Ga. App. 249 (390 SE2d 89).

2. OCGA § 31-36-7 (1) provides: "It is the responsibility of the agent or patient to notify the health care provider of the existence of the health care agency and any amendment or revocation thereof." As it is undisputed that neither of the health care agents (appellant Roberts and his sister) in this case notified the health care provider (Dr. Jones; see OCGA § 31-36-3 (4)) of the Durable Power of Attorney and its proscription against any surgery, summary judgment to Jones was correct.

Although OCGA § 31-36-7 (1) also requires the hospital to make the Durable Power of Attorney and health care agency appointment a part of the record, and the hospital did make the document a part of

the "medical record," nevertheless the action for battery against Dr. Jones cannot stand because the document was not in Roberts' hospital chart and Dr. Jones did not know the document existed.

Appellant Roberts contends the legislature did not intend this result and that the hospital record in which the document is required to be placed necessarily includes a patient's chart, but the statute does not specifically require this. The document was placed in Roberts' medical records. Contra to the argument that the legislature intended that the document be placed in the patient's chart to be seen by every health care provider, OCGA § 31-36-7 (1) provides: *"It is the responsibility of the agent or patient to notify the health care provider of the existence of the health care agency."* (Emphasis supplied.) Furthermore, OCGA § 31-36-7 (2) provides that "A health care decision made by an agent in accordance with the terms of a health care agency *shall be complied with by every health care provider to whom the decision is communicated,* subject to the provider's right to administer treatment for the patient's comfort or alleviation of pain." (Emphasis supplied.) As neither health care agent communicated the medical procedure limitations to appellee Jones, he cannot be held liable for battery.

Appellant's rejoinder that he was instructed to leave the room before he could communicate the agency to Dr. Jones may show a doctor's poor bedside manner and communication skills, but it does not prove battery because in the circumstances, as agent of the patient, appellant had the legal responsibility to inform the doctor of any limitation on medical procedure before he obeyed the doctor's dictate to leave the room. In short, if he intended to rely on the limitation, the law required him to communicate it to the health care provider; as appellant was the agent empowered to convey this information, the contention that the provider would not let him speak is not good enough unless physical force or threat thereof prevented the agent from communicating the information.

3. In any event, the statute just quoted states that the health care provider's duty to comply with a communicated limitation is *"subject to the provider's right to administer treatment for the patient's comfort or alleviation of pain."* (Emphasis supplied.) Appellee Dr. Jones testified he would have performed this procedure even if he had been informed of the limitation on painful "surgery." We doubt not that the patient, having been unable to urinate in 14 hours, was already in pain. The procedure was performed and although the patient was still unable to urinate, it is debatable whether the procedure caused more "pain and suffering" than did Roberts' inability to urinate for 14 hours. Had the doctor, in deference to an agent's decision, refused to try to alleviate Roberts' undoubted pain and suffering by performing this minor surgery, he might have been engaged in

litigation for negligent dereliction of duty in adherence to an uninformed agent's instruction, or upon a debate as to whether the procedure was "surgery" or was "painful."

4. Appellants' contention that the hospital admission consent form did not authorize the procedure does not prevent summary judgment. OCGA § 31-9-6 (d) requires that to be conclusively valid the consent must also "disclose[ ] in general terms the treatment or course of treatment . . . with which it is given." The procedure was authorized by the terms of the general consent form and by the provision in OCGA § 31-36-7 (2) referring to the health care provider's "right to administer treatment for the patient's comfort or alleviation of pain."

Moreover, this issue was not raised in response to the appellee's motion for summary judgment and it is now raised too late. See *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 766 (1) (431 SE2d 746). The grant of summary judgment to appellee on the allegation of battery was correct, as no genuine issue of material fact remains and appellee was entitled to judgment as a matter of law. *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JULY 12, 1996 —
RECONSIDERATION DENIED AUGUST 20, 1996 — 

*Verdery & Oliver, William R. Oliver*, for appellants.
*Forrester & Brim, Weymon H. Forrester, Richard C. Bellows*, for appellee.