A96A1561. SCHNEIDER v. TRI STAR INTERNATIONAL, INC.
(476 SE2d 846)

BIRDSONG, Presiding Judge.

Allen Schneider appeals from the grant of summary judgment to Tri Star International, Inc., in his action for damages, based upon injuries he suffered when he was struck in his right eye and on his nose by a pair of needle-nose pliers when he attempted to pull and secure a retaining spring on a set of brake shoes and one side of the pliers allegedly fractured and then lodged in his right eye. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). On appeal, a grant of summary judgment will be affirmed if it is right for any reason (*Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (431 SE2d 746)), but any doubts on the existence of a genuine issue of material fact are resolved against the movant for summary judgment. *Kelly v. Vargo*, 261 Ga. 422, 423 (405 SE2d 36).

2. Schneider's complaint asserted that Tri Star negligently constructed, built, or assembled the pliers, that Tri Star failed to provide an adequate warning concerning the defective condition of the pliers, and that Tri Star breached its warranty that the pliers were safe, merchantable and fit for their intended use. Schneider further contends that Tri Star was strictly liable because it was engaged in the business of manufacturing, marketing or selling the pliers which were defective and unreasonably dangerous in design. See OCGA

§ 51-1-11 (b) (2).

The trial court, however, relying on *Nelson v. C. M. City*, 218 Ga. App. 850, 852 (463 SE2d 902) (cert. granted), held that Tri Star was not a manufacturer of the pliers within the meaning of OCGA § 51-1-11 because Tri Star "did not have 'input' and was not actively involved in the conception, design, or specification of the needle-nosed pliers. . . . OCGA § 51-1-11.1." Consequently, the trial court granted summary judgment to Tri Star.

Schneider asserts on appeal that the trial court erred in reaching this finding and, thus, erred in granting summary judgment. Specifically, Schneider contends that genuine issues of material fact exist whether Tri Star had the necessary "input" or whether Tri Star was actively involved in the conception, design, or specification of the pliers. Tri Star agrees that the ultimate issue on appeal is whether it is a manufacturer of the pliers, within the meaning of OCGA § 51-1-11.

The record shows that Tri Star did not fabricate, i.e., assemble, construct, or create, the pliers. Instead, the record shows that Tri Star would inform several trading companies with ties to the Orient that it wanted certain tools, in this instance pliers, of certain size, appearance, hardness, and packaged in a certain manner, and the trading companies would secure pliers from companies in the Orient which manufactured such pliers. These pliers would then be sold.

Thus, the existence of a genuine issue of material fact on Tri Star's status as a manufacturer of the pliers within the context of OCGA § 51-1-11 (b) (2) depends on whether the evidence shows that Tri Star had sufficient "input" in the manufacturing process or was actively involved in the conception, design, or specifications of the pliers within the limits established in *Nelson v. C. M. City*, supra. Tri Star contends that the descriptions provided the trading companies involved in supplying the pliers merely described the product that Tri Star was willing to buy, and that the pliers were not products it designed or which were built specifically for it or according to its design specifications. Rather, Tri Star contends the trading companies it deals with merely located the pliers and then Tri Star imported and wholesaled them. The record shows, without contradiction, that Tri Star does not have a direct business relationship with the actual manufacturers of the pliers, i.e., the firms that actually forged and assembled the pliers, and does not have sales contracts with or documents relative to the manufacturer. Tri Star, however, does conduct spot tests and quality checks on the products it receives to ascertain if the pliers it receives are in accordance with its orders. Tri Star contends that under this evidence it cannot be strictly liable to Schneider because it was an importer and marketer of the pliers and not a manufacturer within the terms of OCGA § 51-1-11 (b) (2). Tri Star asserts that the marketing arrangement in this case is vir-

tually identical to that in *Alltrade, Inc. v. McDonald*, 213 Ga. App. 758 (445 SE2d 856), where an action based on strict liability was held not to lie even though Alltrade's name was stamped on the product.

Under the evidence in this case, Schneider's reliance on *Nelson v. C. M. City*, supra, is misplaced. The degree of involvement, i.e., "input," by C. M. City in the manufacturing process far exceeded that of Tri Star in this appeal and was of a different nature. Therefore, we find that this case is more analogous to *Alltrade, Inc. v. McDonald*, supra, and the trial court did not err by concluding that Tri Star was a product seller as defined in OCGA § 51-1-11.1 (a), and not a manufacturer. Although Tri Star did not place its name on the pliers in this case, it appears that current business practices may have unduly limited the application of OCGA § 51-1-11; that is an issue for the legislature to address. See *Alltrade, Inc. v. McDonald*, supra at 761 (special concurrence).

3. Any error concerning the trial court's grant of summary judgment on Schneider's breach of warranty and negligence claims has been abandoned by his failure to present argument, reference to the transcript, or citation of authority on those issues. Court of Appeals Rule 27 (c) (2); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564).

*Judgment affirmed. Beasley, C. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I fully concur with the majority opinion as such result is required by the present statutory law. I especially concur to point out that the legislature's 1987 amendment to the Georgia products liability law can create an unfair and unjust result. See Ga. L. 1987, p. 1152. Even though Tri Star marketed the subject pliers under its own name and apparently even represented itself to the public as having "50 years experience nation-wide as tool manufacturers," Georgia law precludes its liability as a manufacturer. Plaintiffs like Schneider are limited in their remedy to actions against unknown and likely untouchable manufacturers in remote areas of the world. Such was not the case before the subject statute was amended, as the law formerly required those who labeled products as their own to take responsibility as an "ostensible manufacturer." See, e.g., *Pierce v. Liberty Furniture Co.*, 141 Ga. App. 175, 179 (4) (233 SE2d 33) (1977). I repeat the call for fairness made by Pope, C. J., in his special concurrence in *Alltrade, Inc. v. McDonald*, 213 Ga. App. 758, 761 (445 SE2d 856) (1994) and urge the legislature to fashion an appropriate remedy against those who represent themselves to be manufacturers when they are marketing products and it is to their benefit to do so, but who are then permitted under Georgia law to deny the responsi-

bilities which the law imposes upon such manufacturers. Such a law permits the perpetration of a fraud upon the innocent citizens of Georgia.

DECIDED OCTOBER 7, 1996 —

*Parkerson, Shelfer & Groff, William S. Shelfer, Jr., David B. Groff*, for appellant.
*Duncan & Mangiafico, George E. Duncan, Jr.*, for appellee.