A96A2261. DORSEY v. CLARK ATLANTA UNIVERSITY, INC.
(481 SE2d 848)

BIRDSONG, Presiding Judge.

Pursuant to OCGA § 9-11-56 (h), Ely A. Dorsey appeals the grant of partial summary judgment to Clark Atlanta University on his claims that Clark Atlanta breached his employment agreement by terminating his employment before the expiration of the agreement and without timely notification that his agreement would not be renewed and that Clark Atlanta failed to respond timely to a formal grievance. Although the trial court also granted summary judgment to Clark Atlanta on Dorsey's claims alleging fraud and infliction of emotional distress, Dorsey has not appealed the grant of summary judgment on those claims. Dorsey's other claims on which summary judgment was denied remain pending in the trial court and, of course, are not affected by this decision.

Dorsey was hired as an associate professor for the 1991-1992 school year with a one-year appointment pursuant to a letter of appointment. At the end of his initial appointment, Dorsey and Clark Atlanta executed a nontenure faculty employment agreement and notice of salary for the 1992-1993 school year. This agreement provided that Dorsey was a probationary employee and set forth that the maximum period of probation would be four years. Upon the recommendation of Dorsey's department head, however, Clark Atlanta decided not to appoint Dorsey for the 1993-1994 school year; under the terms of his employment agreement Dorsey was to receive notice of this action by December 15, 1992. Dorsey was orally informed of

this decision in early December, and a certified letter was sent on December 8, 1992, formally advising Dorsey that he would not be reappointed. Dorsey, however, refused to accept this letter. Even though he challenged this decision in a formal grievance, Dorsey was ultimately not reappointed to his position.

The portions of Dorsey's complaint relevant to this appeal alleged that Clark Atlanta breached his employment agreement with the university by terminating his employment before the end of the agreement and by failing to notify him in a timely manner that his employment was being terminated and also alleged that the president of Clark Atlanta failed to properly respond to his formal grievance. After Dorsey's request for a temporary restraining order to prevent his termination, Clark Atlanta answered Dorsey's complaint and then moved for summary judgment. The motion was granted, and Dorsey now contends the trial court erred by granting summary judgment on the length of Dorsey's contract and the reasons for which the contract could be terminated; erred by granting summary judgment because Clark Atlanta failed to give Dorsey timely notice of his termination; and erred by granting summary judgment because the president of Clark Atlanta did not respond in a timely manner to Dorsey's formal grievance. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). When ruling on a motion for summary judgment, the trial court should give the opposing party the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). On appeal, a grant of summary judgment will be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (431 SE2d 746).

2. "The construction of a contract is a question of law for the court. Where any question of fact is involved, the jury should find the fact." OCGA § 13-2-1. Here there were no question of fact for jury resolution. The trial court found that Dorsey was a probationary employee with an employment contract subject to termination or non-renewal. Moreover, the record shows the trial court correctly found that Dorsey's own actions were responsible for his not receiving the letter of non-appointment by the date specified. Under the circumstances, he cannot complain that he did not receive the letter he had in his hands, but refused to accept. As Dorsey's employment agreement with Clark Atlanta was clear and unambiguous, the trial court correctly interpreted the terms as a matter of law and found that the contract and faculty handbook provided for Dorsey's non-reappointment, and not just for a termination for cause. Therefore,

the trial court did not err by granting summary judgment on these claims. The trial court, however, left for the jury's determination whether the non-renewal was based on Dorsey's performance.

3. In view of our decision above, any issue concerning the failure to respond timely to Dorsey's purported formal grievance is moot.

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED FEBRUARY 7, 1997 —<br>RECONSIDERATION DENIED FEBRUARY 24, 1997 —

*David J. Llewellyn*, for appellant.

*Ronald J. Freeman, Michael A. Baskin, Lance P. Dunnings*, for appellee.