[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10622

_____

D.C. Docket No. 1:14-cv-03432-WSD


JAMIE LEE ANDREWS,
as surviving spouse, and as administrator of the estate,
of Micah Lee Andrews,

Plaintiff-Appellant,

versus

AUTOLIV JAPAN, LTD.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 16, 2018)

Before WILSON and DUBINA, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

---

[*] The Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

Plaintiff Jamie Lee Andrews appeals from the district court's entry of summary judgment in favor of Defendant Autoliv Japan, Ltd. ("Autoliv"). We review *de novo* the district court's grant of summary judgment. *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1318 (11th Cir. 2011).

Under Georgia law, "[t]he manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort . . . [for personal injury resulting] because the property when sold by the manufacturer was [defective] and its condition when sold is the proximate cause of the injury sustained." Ga. Code. Ann. § 51-1-11(b)(1).

Plaintiff challenges the district court's ruling that Autoliv, a manufacturer, cannot be held liable under § 51-1-11 unless it was "actively involved" in the design of the allegedly defective product. In reaching its conclusion, the district court relied on *Davenport v. Cummins Alabama, Inc.*, 284 Ga. App. 666, 644 S.E.2d 503 (2007). However, the court in *Davenport* derived this proposition from Georgia's "product seller" provision, Ga. Code. Ann. §§ 51-1-11.1(a), (b), which states that certain non-manufacturer entities, i.e. mere product sellers, are not liable "as" manufacturers under § 51-1-11. *See Davenport*, 284 Ga. App. at 670–71, 644 S.E.2d at 507–08 (holding non-manufacturer Cummins Alabama was not liable "as a manufacturer" because it was not actively involved in design or manufacturing); *see also Alltrade, Inc. v. McDonald*, 213 Ga. App. 758, 758–60, 445 S.E.2d 856,

2

857–58 (1994) (ruling Defendant Alltrade was a mere product seller because it "did [not] make or assemble [the allegedly defective product] or any of the component parts."). The "product seller" provision expressly does not apply to actual manufacturers such as Autoliv. § 51-1-11.1(a) (stating that the "definition [of exempt product seller] does not include a manufacturer" that would also fit the definition of product seller).

Autoliv manufactured seatbelt components in the deceased's Mazda and Plaintiff alleges that those components were defective when sold. Consequently, Autoliv can be held liable under § 51-1-11 if a component it manufactured was defective "when sold by the manufacturer" and if the component's "condition when sold is the proximate cause of the injury sustained." § 51-1-11(b)(1). That said, even if Plaintiff were required to establish that Autoliv was "actively involved" in the design of the seatbelt assembly in order to show that Autoliv can be held liable under § 51-1-11, the record reflects a genuine issue of material fact precluding summary judgment on this issue.

We therefore reverse in part, affirm in part, and remand for proceedings in accordance with this decision. Specifically, we reverse the district court's dismissal of Plaintiff's § 51-1-11 claim, and, as a result, reverse the district court's dismissal of Plaintiff's negligence and punitive damages claims. However, we affirm the district court's dismissal of Plaintiff's failure to warn claim because it is

3

not plausibly pled in her complaint.  *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (per curiam) (explaining the plausibility pleading standard applied in federal court).

**AFFIRMED in Part, REVERSED in Part, and REMANDED.**