A91A1621. T. L. ROGERS OIL COMPANY v. SOUTH CAROLINA NATIONAL BANK.
(417 SE2d 336)

COOPER, Judge.

Appellant entered into two equipment leases with SCN Leasing Corporation ("SCN") for computer hardware, software and other computer-related equipment to be provided by Main Street America Systems ("Main Street"). The lease agreements provided that SCN made no warranties as to the condition of the equipment; that SCN was not responsible for the performance or service of the equipment; and that the lease payments would continue regardless of the performance of the equipment. Upon arrival of the equipment from Main Street, appellant's president signed the delivery, installation and acceptance receipt, thereby acknowledging that the equipment was satisfactory and had been fully installed and that all of the terms and conditions of the equipment leases were reviewed and understood. Appellant subsequently defaulted on the leases. SCN assigned all of its security interests, lease agreements and contracts which were payable to SCN to appellee, and appellee brought this action against appellant for breach of the lease agreements. The trial court denied a

motion for summary judgment filed by appellee finding a question of material fact as to whether appellant had been induced by a misrepresentation to sign the leases and upon a "lingering uncertainty as to [appellee's] right to sue as the real party in interest." Appellee then signed a second motion for summary judgment based upon an expanded record which was granted. Appellant appeals the grant of appellee's motion for summary judgment.

1. We initially call appellant's attention to Court of Appeals Rule 15 (a) (1) and (c) (3). "Each enumerated error in an appealing party's brief must be supported by specific reference to the record or transcript or both, and any argument or assertion founded on particular portions of evidence must be supported by a reference to page or pages of transcript or record where the evidence may be found, and such rules promulgated by this court pursuant to its rule-making authority 'are binding on those who practice in this court and must be observed.' [Cits.] The absence of specific page references [in appellant's brief] is tantamount to an abandonment of the enumerations of error. [Cit.]" *Dugger v. Danello*, 175 Ga. App. 618, 620 (2) (334 SE2d 3) (1985). Nevertheless, we will consider this appeal "because the law favors that we 'bring about a decision on the merits of every case appealed. . . .' OCGA § 5-6-30." Id.

2. In its first and fourth enumerations of error, appellant contends the trial court erred in allowing appellee to renew the motion for summary judgment and in granting said motion after the previous denial. "[I]t is within the discretion of a trial judge to consider a renewed motion for summary judgment even without an expansion of the record." *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666, 667 (1) (278 SE2d 468) (1981). "There is nothing in [OCGA § 9-11-56] limiting the number of times a party may make a motion for summary judgment. This court has held '(t)hat the prior denial of summary judgment did not foreclose the subsequent grant of summary judgment is manifest in the statutory dictate that an "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." [Cit.]' [Cit.] Denial of a motion for summary judgment decides nothing except that under the evidence before the court at that time there can be rendered no judgment as a matter of law. The previous denial of summary judgment does not preclude a subsequent granting thereof on the basis of an expanded record. [Cit.]" (Indention omitted.) *Graham &c. Co. v. Seaboard &c. R. Co.*, 150 Ga. App. 193, 195 (2) (257 SE2d 321) (1979). Moreover, "there was no appeal between the denial of summary judgment and the consideration of the renewed motion. Therefore, the denial had not become the law of the case and did not bar a second consideration of the motion for summary judgment." *Premium*, supra at 668. These

enumerations are without merit.

3. In its second enumeration of error, appellant contends the trial court erred in finding that appellee was a real party in interest with standing to sue because no contract existed between them. Appellee argues that its capacity to maintain this action is based upon an assignment from SCN; however, in its initial consideration of the motion for summary judgment, the trial court found that the only evidence of such an assignment was a small box stamped on one of the leases which read as follows: "NOTICE The words 'SCN Leasing Corporation' 'SCNLC' and 'Lessor' if and as used in this document are changed to read and mean The South Carolina National Bank." The initials, "G. L.," were handwritten in a smaller box designated "lessor." Based on that evidence, the trial court held that it could only assume that the rubber stamp was a valid assignment under South Carolina law and that some document existed, outside the record, which gave appellee, as assignee, the right to sue. The expanded record, however, contained a bill of sale and assignment dated December 29, 1989, in which SCN assigned its lease agreements and security interests and contract rights in collateral held by SCN to appellee. Appellant introduced no evidence to the contrary. The trial court then correctly concluded that the assignment was valid and that appellee was entitled to proceed in the action. We find no error in the trial court's conclusion based on the evidence in the record.

4. Appellant also contends the trial court erred in finding that any alleged misrepresentations were not made by appellee or SCN and therefore that appellant could not avail itself of a defense to the action as provided by OCGA § 11-3-305 (2) (c). Initially, the trial court determined that appellant's president's affidavit created a genuine issue of fact. The president averred that misrepresentations were made by one of the lessors which induced him to sign the lease agreements, although he could not identify specifically who made misrepresentations. The expanded record contained the president's deposition and affidavits of agents of both appellant and appellee which demonstrate that any alleged misrepresentations were made by agents of Main Street. The president testified in his deposition that the representations were made by the person who delivered the equipment, and appellant's agent averred that agents of Main Street made the deliveries. Once again, appellant failed to introduce any evidence in rebuttal. See *Atlantic Wood Indus. v. Lumbermen's Underwriting Alliance*, 196 Ga. App. 503 (7) (396 SE2d 541) (1990). Accordingly, we find no error in the trial court's grant of summary judgment to appellee.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 7, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 —

*Richard Phillips*, for appellant.

*Hunter, Maclean, Exley & Dunn, Malcolm R. Maclean, Wade W. Herring II, R. Jason D'Cruz*, for appellee.