## A00A1869. GRAFF v. McREYNOLDS & ASSOCIATES, P.C.-PROFIT SHARING PLAN.

### (545 SE2d 159)

MILLER, Judge.

McReynolds & Associates, P.C.-Profit Sharing Plan (the "Plan") obtained summary judgment against Sarah Graff on a note executed by a defunct corporation that she and her deceased husband had owned. She appeals on the ground that she is not personally liable for a corporate debt that she did not guarantee. Since the only grounds on which she could possibly be liable were not asserted in the motion for summary judgment, we reverse the grant of summary judgment against her.

She also appeals the denial of her motion for summary judgment on the liability issue. We affirm this portion of the judgment, as some inconclusive evidence could support a finding of liability against her.

### Operative Facts

Sarah and her husband Charles owned and operated Graff & Associates, Inc. ("GAI"). GAI borrowed $20,000 from the Plan in 1986, which debt was guaranteed by Charles and was secured by certain real property owned by GAI. GAI was administratively dissolved in 1988, and Charles died in 1992. In 1996, GAI and Sarah sold the real property to Harris Trailers, Inc., but the closing attorneys allegedly did not pay off the Plan's note nor hold back money for that purpose because they had not discovered the Plan's recorded deed in the chain of title. Sarah (or GAI) received $44,197.72 at closing. When the Plan began foreclosure proceedings against the real property, Harris Trailers sued Sarah, the Plan, and the law firm that closed the sale to Harris Trailers and obtained a consent order enjoining the foreclosure.

The Plan cross-claimed against Sarah for the amount of the corporate note plus interest. The theory for recovery against Sarah was not stated. The Plan then moved for summary judgment on this cross-claim, asserting as its sole ground for summary judgment that because the note had not been paid and the statute of limitation had not run, Sarah was personally liable on the note. Sarah countered that she had not guaranteed the note nor otherwise assumed liability therefor.

Sarah also moved for summary judgment in her favor on the

Plan's claim. In response to her motion only, and not as a basis for summary judgment in its favor, the Plan for the first time explained the basis for liability against Sarah personally, claiming that some inconclusive evidence showed that (1) as the GAI corporate officer presiding over liquidation Sarah breached her fiduciary responsibility to the Plan (a GAI creditor) by not paying the Plan before herself, (2) as the executrix of Charles's estate she breached her fiduciary responsibility to the Plan by not paying the Plan before herself, and (3) after Charles's death she became the alter ego of GAI. Sarah chose not to respond to these arguments.

The court granted the Plan's motion for summary judgment on its claim against Sarah personally and denied Sarah's motion for summary judgment on the same claim. We affirm in part and reverse in part.

1. The Plan does not dispute Sarah's evidence that she did not guarantee the GAI debt nor otherwise affirmatively undertake to personally pay the debt. Rather, the Plan argues that some evidence shows that she is liable for the debt on the grounds (1) as liquidator of GAI and as executrix of Charles's estate, she breached fiduciary duties owed to the Plan as a creditor, and (2) she became GAI's alter ego upon Charles's death.

These grounds and theories of liability, however, were not asserted in the Plan's motion for summary judgment, which argued only that the debt had not been paid and that the statute of limitation had not run. Accordingly, in responding to the Plan's motion, Sarah had no obligation to present evidence on or to argue against these unasserted grounds.[1] "The issues that must be rebutted on motion for summary judgment are those raised by the motion."[2] We will not consider whether summary judgment in favor of the Plan would have been proper based on issues and theories not initially raised in the Plan's motion for summary judgment before the trial court.[3]

Since no evidence showed that Sarah affirmatively obligated herself to pay the GAI debt, and she expressly denied such, the court erred in granting the Plan summary judgment on its claim against Sarah.

2. The court correctly denied Sarah's motion for summary judgment on the claim, however. In response to Sarah's motion, the Plan presented some evidence, not contradicted or addressed by Sarah, that she breached fiduciary duties owed as corporate liquidator and

[1] *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995); accord *Kauffman v. Eastern Food & Gas*, 246 Ga. App. 103, 104 (1) (539 SE2d 599) (2000).
[2] *Hodge*, supra, 217 Ga. App. at 690 (1).
[3] *Fedeli v. UAP/Ga. Ag. Chem.*, 237 Ga. App. 337, 339 (1) (514 SE2d 684) (1999).

estate executrix when she allegedly transferred to herself corporate or estate assets that should have gone to pay off the debt owed to the Plan.[4] Because some evidence supported the Plan's claim, the court correctly denied Sarah's motion for summary judgment.

These rulings render moot the remaining enumerations of error.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 12, 2001.

*Zachary & Seagraves, Kenneth L. Levy, John W. Lawson,* for appellant.

*Wasson, Sours & Harris, John D. Sours, Mark D. Gropp, Larry S. McReynolds,* for appellee.

---

[4] See OCGA § 53-7-1 (a); *Home Ins. Co. v. Wynn,* 229 Ga. App. 220, 222 (1) (493 SE2d 622) (1997) (executrix owes fiduciary duties to parties having an interest in the estate); *Randall & Neder Lumber Co. v. Randall,* 202 Ga. App. 497, 499 (1) (414 SE2d 718) (1992) (corporate officers may be personally liable for corporate debts when they make preferential transfers to themselves while corporation is insolvent).