[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2005
THOMAS K. KAHN
CLERK

No. 04-11515
_____

D. C. Docket No. 01-01025-CV-WBH-1

JAVIER VILLEGAS,

Plaintiff-Appellant,

versus

DEERE & COMPANY,
A Delaware Corporation,
JOHN DEERE CONSTRUCTION
EQUIPMENT COMPANY, A
foreign corporation,

Defendants-Third Party-
Third Party Plaintiffs,

versus

HARLO PRODUCTS CORPORATION,

Third Party Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(June 13, 2005)**

Before EDMONDSON, Chief Judge, and MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Javier Villegas appeals the summary judgment granted in favor of Deere & Company and John Deere Construction Equipment Company (Deere) on Villegas's claims of negligent design, negligent testing, and failure to warn, under Georgia products liability law. Because there is evidence that Deere was actively involved in the design of the 482C forklift that caused Villegas's injury, we reverse the summary judgment regarding negligent design. We affirm the summary judgment regarding negligent testing and failure to warn, because Georgia does not recognize a cause of action for negligent testing and there is insufficient evidence of a failure to warn.

## I. BACKGROUND

On December 14, 1999, Villegas was injured when the right fork slid off of a John Deere 482C forklift and struck him. Villegas suffered serious injuries as a result of the accident, including a severed spinal cord that left him paralyzed. On April 19, 2001, Villegas sued Deere and alleged that the 482C forklift was designed and manufactured defectively. In his complaint, Villegas asserted claims of strict liability, negligence, and breach of warranty. Deere denied any liability and sought indemnity from Harlo Products, Inc., which constructed the forklift.

2

The district court ordered the parties to mediate. Although Villegas had not amended his complaint to include claims against Harlo, after mediation, he settled with Harlo for half of the estimated damages for his lost earnings and medical expenses. As part of the settlement, Villegas moved to dismiss his claim for strict liability against Deere. Deere then moved for summary judgment on the remaining claim of negligence. The district court granted summary judgment for Deere on the negligence claim and dismissed the indemnity claim without prejudice. Villegas appealed.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo. Three Palms Pointe, Inc. v. State Farm Fire and Cas. Co., 362 F.3d 1317, 1318 (2004). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III. DISCUSSION

The question in this appeal is whether Deere can be held liable in negligence to Villegas for the failure of the 482C forklift, which the parties agree was constructed by Harlo. To resolve this question, we must determine whether the involvement of Deere in the design of the forklift was sufficient to subject it to liability for negligent design under Georgia law.

3

The district court erroneously concluded that Deere could not be liable in negligence because it had not breached a duty to Villegas. Under Georgia law, a company actively involved in the design of a product undertakes a duty to protect users of the product from unreasonable risks of harm and is, therefore, potentially liable for negligent design. See Buchan v. Lawrence Metal Prods. Inc., _ S.E.2d _, 2004 WL 2453343, *4 (Ga. Ct. App. Nov. 1, 2004); Dean v. Toyota Indus. Equip. Mfg. Inc., 540 S.E.2d 233, 237 (Ga. Ct. App. 2000); Ga. Code Ann. § 51-1-2 (2004); Charles R. Adams, Georgia Tort Law § 3-1 (2004). So long as Deere was involved in the design of the forklift that injured Villegas, then Deere is potentially liable for negligent design.

Villegas presented evidence that Deere was extensively involved in the design of the 482C forklift. Specifically, John Van Spronsen, a Harlo engineer, testified that Harlo employees worked directly with Deere's engineers to design and produce the final products, and that whenever Deere wanted to change a model number, Deere would tell Harlo which components Deere wanted to use, and the product was redesigned according to Deere's specifications. Van Spronsen also testified that during the years Harlo manufactured the 482C forklift, he met in person with Deere engineers approximately six to eight times annually to discuss, among other things, the cost of the forklift that caused Villegas's injuries. Van

4

Spronsen further testified that Deere approached Harlo with design drawings for a frame that Deere wanted to use for the forklift. Daniel Griswold, a Deere employee, described the relationship between Deere and Harlo as "cooperative." Villegas also presented testimony that a Deere employee had to give the final approval of the design plans. Viewing the facts in the light most favorable to Villegas, a fact finder could determine that Deere had substantial input into the design and manufacture of the forklift and, therefore, assumed a legal duty to protect others against unreasonable risks of harm. The evidence that Deere was actively involved in the design of the 482C forklift precluded summary judgment.

Villegas also asserts that Deere is liable in negligence for failure to test the fork retention system and failure to warn about the use of grease on the mast plate. We find no error in the grant of summary judgment on these claims. First, Georgia does not recognize a cause of action for negligent testing. Second, Villegas's failure to warn claim fails because he did not present evidence that there was grease on the mast plate at the time of the accident, and Villegas has not created a genuine issue of fact whether the failure of the fork retention system was proximately caused by grease on the mast plate.

## IV. CONCLUSION

Because under Georgia law Deere could be liable to Villegas under a

negligent design theory, we **REVERSE** the summary judgment on the negligent design claim and **REMAND** to the district court for trial.  We **AFFIRM** the summary judgment as to the negligent testing and failure to warn claims, because Georgia does not recognize a cause of action for negligent testing and the evidence is insufficient to support a failure to warn claim.

       **REVERSED** in part, **AFFIRMED** in part, and **REMANDED**.