## A10A0288. CARROLL et al. v. THE KRYSTAL COMPANY.

(692 SE2d 869)

BLACKBURN, Presiding Judge.

In this premises liability action, Charles Carroll and his wife, Connie Carroll, asserted claims for personal injury and loss of consortium against The Krystal Company ("Krystal"), based on injuries Charles Carroll allegedly sustained after slipping and falling as he was exiting a Krystal restaurant in Valdosta. The Carrolls now appeal from the trial court's order granting summary judgment against them and in favor of Krystal, asserting that the trial court erred in finding that there existed no disputed question of fact on the issue of whether Carroll's fall was caused by a hazardous condition on Krystal's premises. We agree and therefore reverse the trial court's order.

> We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact. To prevail, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

(Punctuation omitted.) *Prescott v. Colonial Properties Trust.*[1] Where the defendant "discharges this burden, the [plaintiff] cannot rest on [his] pleadings, but rather must point to specific evidence giving rise to a triable issue." *Henson v. Ga.-Pacific Corp.*[2]

So viewed, the record shows that on or about May 31, 2006, Carroll stopped for breakfast at the Krystal restaurant in question. He entered through the right side of the restaurant's front, double doors and proceeded to the counter, where he ordered, paid for, and received his food and a cold drink. According to Carroll, there were other customers eating in the restaurant, but there were no other customers at the counter and no customers came in after he did.

Carrying his drink and a bag containing his food, Carroll began to exit the restaurant through the left side of the front, double doors. As he pushed on the door and stepped outside, he slipped and both of

---

[1] *Prescott v. Colonial Properties Trust*, 283 Ga. App. 753, 753-754 (642 SE2d 425) (2007).

[2] *Henson v. Ga.-Pacific Corp.*, 289 Ga. App. 777, 778 (658 SE2d 391) (2008).

his legs went out from under him. He fell, and landed on his right side, holding onto the door handle with his right hand, and with his body partially inside and partially outside the restaurant. Although Carroll testified that the floor was slick, he did not see anything on the floor of the restaurant that could have caused him to slip.

Carroll left the restaurant and drove to his job as a mechanic at a local car dealership. Once there, he changed his clothes because his right pant leg was wet. Carroll could not tell, however, whether his wet clothing resulted from liquid previously on the floor at Krystal or from the drink that he spilled when he fell.

Two Krystal employees were at the restaurant at the time of Carroll's fall: the cashier who waited on him and an assistant manager. Neither woman saw Carroll fall, but both were alerted to the incident.[3] Specifically, another customer told the cashier about the fall and she, in turn, notified the assistant manager. Both women were under the impression that the fall had occurred just outside the restaurant. The cashier went outside to check on Carroll, but he drove away without speaking to her.

Other than being stiff and bruised, Carroll did not immediately appear to have suffered any injuries in the fall. For approximately the next three weeks, he continued with his normal activities, including work. On the morning of June 19, 2006, however, Carroll began to experience debilitating pain in his lower back and right leg. He sought medical treatment and was eventually diagnosed with damage to the discs in his lower back and nerve damage in his right leg. At the time he first sought treatment, Carroll did not mention the fall to his treating physicians. During the course of treatment, however, one of his physicians asked him if he had suffered a fall, and Carroll described the fall at the restaurant. The physician stated there was a possibility "that could have done it," which Carroll interpreted as meaning that the fall had caused his injuries.

Carroll thereafter returned to the restaurant in August 2006, to make a formal report of the incident. Carroll testified that when he identified himself to the cashier who had waited on him the day of his fall, she responded, "Oh yeah. You're the one that slipped on the grease. We had to put salt on it after you left so nobody else would get hurt." At her deposition, however, the cashier denied ever making that statement. The cashier further testified that she had worked from 6:00 a.m. until 2:00 p.m. on the day Carroll fell, that she kept a constant watch on the floors, that if anything got spilled thereon

---

[3] Neither employee remembered Carroll as the person who fell. However, each testified that they knew of only one slip and fall incident at that Krystal and they had no reason to doubt that Carroll was the man who fell.

she cleaned it up immediately, and that she did not recall anything being spilled on the floors the morning of the incident.

The store manager who took the incident report from Carroll testified that he was not present at the time of the fall. The cashier, however, had speculated to him that, based on what she had been told when the fall occurred, there may have been "grease or something outside that caused [Carroll] to fall."

Both the assistant manager and the manager testified that, as a matter of policy, the manager on duty at the restaurant conducted a "travel path inspection" every one to two hours. Such an inspection consisted of checking all the public areas of the restaurant, including the restrooms, the sidewalks, the driveways, and the parking lot, for litter, spills, and potential "trip hazards." The manager further testified that the front sidewalks were washed every two days with soap and water and were pressure washed once every three months.

The assistant manager testified that there were floor mats positioned just inside the front doors, and that the placement of such mats was "mandatory." She also stated that all cooking grease was transported in and out of the restaurant through the back door. The manager, however, conceded that "every so often" grease might be transported through the front door.

Krystal moved for summary judgment on the Carrolls' claims, arguing that there was no evidence showing that a hazardous condition existed on Krystal's premises that caused Carroll's fall. The trial court granted that motion and this appeal followed.

> In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor, because the true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a [hazardous] condition that may expose the invitee to an unreasonable risk of harm.

(Punctuation and footnote omitted.) *Drew v. Istar Financial*.[4] Thus, "[w]hether a hazardous condition exists is the threshold question in a slip and fall case." Id. at 325 (1). Where the plaintiff cannot show the existence of such a condition, he cannot prove the cause of his injuries and "there can be no recovery because an essential element of negligence cannot be proven." *Pennington v. WJL, Inc.*[5]

To create a question of fact as to the existence of a hazardous condition, a "plaintiff cannot rely upon speculation" and he must

---

[4] *Drew v. Istar Financial*, 291 Ga. App. 323, 324-325 (661 SE2d 686) (2008).
[5] *Pennington v. WJL, Inc.*, 263 Ga. App. 758, 760 (1) (589 SE2d 259) (2003).

"prove more than the existence of a slick or wet floor." *Flagstar Enterprises v. Burch.*[6] "Guesses or speculation which raise merely a conjecture or possibility [of a hazardous condition] are not sufficient to create even an inference of fact for consideration on summary judgment." *Brown v. Amerson.*[7] Rather, the plaintiff must produce evidence "of what foreign substance, condition, or hazard caused [him] to slip and fall." *Mansell v. Starr Enterprises/Texaco.*[8]

Although Carroll testified that he slipped because "there was something slick on the floor," he also admitted that he saw nothing on the floor and he had "no idea" what the alleged substance was. Carroll further acknowledged that, while his pant leg was wet following his fall, this fact could have been caused by him spilling his drink as he fell. The court below found that Carroll's testimony was insufficient to create an inference that a hazardous condition existed at Krystal. On appeal, the Carrolls argue that this ruling ignored Mr. Carroll's testimony that, when he returned to Krystal to file an incident report, the cashier identified him as the person "who slipped on the grease." Krystal, conversely, argues that the trial court properly disregarded this testimony because it constitutes inadmissible hearsay. See *Taylor v. Golden Corral Corp.*[9] ("evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial") (punctuation omitted).

What both Krystal's argument and the trial court's order fail to recognize, however, is that "[h]earsay is admissible as impeaching evidence if it shows that a witness has made a prior inconsistent statement as to a relevant matter." *Conner Ins. Agency v. Strauch.*[10] Thus, this Court has specifically held that "a non-moving party [may] withstand a motion for summary judgment by submitting sworn testimony averring personal knowledge of the existence of a prior inconsistent statement made by [a] witness upon whose sworn testimony the movant relies." *Lanier Home Center v. Underwood.*[11] Here, Krystal, as the movant, relied on the cashier's deposition testimony to establish the absence of a hazardous condition on its premises. The cashier's alleged statement to Carroll, that he had "slipped on the grease," conflicted with the cashier's deposition testimony, in which she denied making such a statement. Thus, Carroll's testimony was admissible as evidence of a prior, inconsis-

---

[6] *Flagstar Enterprises v. Burch*, 267 Ga. App. 856, 858 (600 SE2d 834) (2004).

[7] *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996).

[8] *Mansell v. Starr Enterprises/Texaco*, 256 Ga. App. 257, 258 (568 SE2d 145) (2002).

[9] *Taylor v. Golden Corral Corp.*, 255 Ga. App. 860, 862 (1) (567 SE2d 109) (2002).

[10] *Conner Ins. Agency v. Strauch*, 198 Ga. App. 537, 536 (3) (402 SE2d 129) (1991).

[11] *Lanier Home Center v. Underwood*, 252 Ga. App. 745, 749 (5) (557 SE2d 76) (2001).

tent statement. Id. See also *Capp v. Carlito's Mexican Bar & Grill No. 1.*[12]

The question in *Capp* was whether the trial court had properly granted summary judgment to the restaurant on the plaintiff's claim that the restaurant had served alcohol to an obviously intoxicated patron, who was subsequently involved in an automobile accident. In granting summary judgment, the trial court had relied on the deposition testimony of a restaurant employee, that the patron did not appear to be drunk. This testimony conflicted with that of the victim's grandmother, who deposed that after the accident, this same employee "apologized to her on two occasions, stating, 'I know [the patron] was drunk, and I shouldn't have let her drive.' " Id. This Court reversed the grant of summary judgment in favor of the restaurant, holding that the trial court erred in failing to consider the grandmother's testimony, because such was admissible as a prior inconsistent statement. Id. at 782 (1), n. 5. We reach a similar conclusion in this case, and find that the trial court erred in failing to consider Carroll's deposition testimony regarding the cashier's statement to him. Such evidence was sufficient to create a question of fact as to the existence of a hazardous condition on Krystal's premises, and we therefore reverse the trial court's order granting summary judgment in favor of Krystal.[13]

*Judgment reversed. Barnes and Bernes, JJ., concur.*

DECIDED MARCH 31, 2010.

*Terry & Peterman, Jody D. Peterman*, for appellants.
*Shea, Stokes & Carter, Karl M. Terrell, Theodore S. Lu*, for appellee.

---

[12] *Capp v. Carlito's Mexican Bar & Grill No. 1*, 288 Ga. App. 779, 782 (1) (655 SE2d 232) (2007).

[13] We note that while there appears to be no evidence in the record of Krystal's superior knowledge of the alleged hazard, Krystal did not move for summary judgment on this ground. On appeal, "[w]e will not consider whether summary judgment . . . would have been proper based on issues and theories not initially raised in the . . . motion for summary judgment before the trial court." *Graff v. McReynolds & Assoc.*, 248 Ga. App. 26, 27 (1) (545 SE2d 159) (2001). See also *Fedeli v. UAP/Ga. Ag. Chem.*, 237 Ga. App. 337, 339 (1) (514 SE2d 684) (1999) (we may not affirm a grant of summary judgment on grounds not advanced in the trial court, even under the "right for any reason" rule).