**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 24, 2016**

# In the Court of Appeals of Georgia

A16A0106. COOK PECAN COMPANY, INC. v. MCDANIEL.          PE-004

PETERSON, Judge.

Cook Pecan Company, Inc. ("Cook Pecan") filed suit against William McDaniel, alleging that McDaniel refused to allow Cook Pecan to harvest crops on land owned by McDaniel in violation of the parties' agreement. Cook Pecan appeals from the superior court's grant of summary judgment to McDaniel and argues that the superior court erred in its review of McDaniel's summary judgment motion and in concluding that Cook Pecan failed properly to amend its complaint to assert claims for unjust enrichment and quantum meruit. We reverse the superior court's order pertaining to the unjust enrichment and quantum meruit claims because the record shows that Cook Pecan properly amended its complaint as a matter of right and the

superior court erred in failing to address these claims. We affirm the grant of summary judgment to McDaniel on the breach of contract claim.

"On appeal from the grant of summary judgment, this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Leone v. Green Tree Servicing, LLC*, 311 Ga. App. 702, 702 (716 SE2d 720) (2011) (footnote omitted).

So viewed, the evidence shows that Cook Pecan, owned by Mark Cook, farms and harvests pecan crops from lands leased to the company but owned by other entities. In the summer of 2012, McDaniel agreed to purchase a 20-plus-acre pecan orchard from Sara Pyles. Upon learning of the impending sale, Cook informed McDaniel and Pyles that Cook had an agreement with Pyle's deceased husband to harvest the crops on the property. On July 31, 2012, Cook, McDaniel, and Pyles executed a written agreement providing that, upon acquiring the property, McDaniel would sign a lease agreement with Cook that would allow Cook Pecan to maintain and harvest the crops on the property through the end of 2012. Cook Pecan did not harvest the pecan crop prior to December 31, 2012. On January 3, 2013, McDaniel sent a letter to Cook Pecan informing the company that the lease agreement expired.

McDaniel subsequently harvested the pecans on his property from January 7 to January 23, 2013.

In March 2013, Cook Pecan filed this lawsuit in state court without identifying by name the cause of action it was asserting. McDaniel moved for summary judgment, arguing that the July 31, 2012 agreement expired on December 31, 2012. In its brief opposing McDaniel's motion, Cook Pecan argued that even if McDaniel's interpretation of the contract was correct, unjust enrichment would prevent him from prevailing on summary judgment. The state court denied McDaniel's motion for summary judgment, and thereafter granted Cook Pecan's motion to transfer the case to superior court because the case may involve matters of equity.[1] When Cook Pecan failed to pay transfer costs, McDaniel filed a motion to dismiss. In response, Cook Pecan filed a motion asking the court for an extension of time to pay the transfer costs because of excusable neglect, claiming that it was not aware of the transfer order and

---

[1] Ga. Const. of 1983, Art. VI, Sec. IV, Par. I provides that the superior courts "shall have exclusive jurisdiction . . . in equity cases." The state courts have concurrent jurisdiction with the superior courts over all "civil actions without regard to the amount in controversy, except those actions in which exclusive jurisdiction is vested in the superior courts[.]" OCGA § 15-7-4(a)(2); *see also Matter of Inquiry Concerning a Judge*, 265 Ga. 843, 846-47 (4) (462 SE2d 728) (1995) ("Georgia's state courts, created pursuant to OCGA § 15-7-2, exercise comprehensive jurisdiction over a wide range of claims . . . excluding only felony criminal cases, certain domestic cases, equity matters, and land title cases.").

3

stating that it had paid the transfer costs upon receiving McDaniel's motion to dismiss. The state court granted Cook Pecan's motion, and the case was subsequently docketed in the superior court.

Soon after the transfer to the superior court, McDaniel moved for a "de novo review" of the state court's rulings, including the denial of his motion for summary judgment and his motion to dismiss. In response to McDaniel's motion, Cook Pecan argued that the superior court should review the state court's rulings for an abuse of discretion. On the same day it filed its response, Cook Pecan filed an amended complaint to state claims for unjust enrichment and quantum meruit. The superior court granted summary judgment to McDaniel on all of Cook Pecan's claims, ruling that Cook Pecan failed to perform on the parties' agreement before it expired and Cook Pecan's unjust enrichment claim was not properly raised through an amendment to the complaint.[2] This appeal followed.

1. Before addressing Cook Pecan's enumerations of error, we must address McDaniel's assertion that we lack jurisdiction to consider the appeal because Cook Pecan failed to follow the discretionary appeal procedures. Specifically, McDaniel

---

[2] The superior court did not address McDaniel's motion to dismiss the case for Cook Pecan's failure to timely pay transfer costs, and McDaniel concedes that his motion to dismiss is not before this Court.

4

argues that the superior court's "de novo review" of the state court's denial of his motion under Uniform Superior Court Rule (USCR) 19.1(I) ("Rule 19.1(I)") triggered application of the discretionary appeal process. Although we have already denied McDaniel's motion to dismiss on the same grounds, it is our duty to inquire into our jurisdiction wherever it may be lacking. *See Forest City Gun Club v. Chatham Cnty.*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006).

Rule 19.1(I) pertinently provides that, upon transfer from one court to another due to lack of jurisdiction or improper venue:

> Any interlocutory or other order theretofore entered in the action, upon the motion of any party, shall be reviewed, and thereafter reissued or vacated by the court to which the action was transferred.

OCGA § 5-6-35(a)(1) requires a party to file an application for a discretionary review in order to "appeal[] from decisions of the superior courts reviewing decisions of . . . lower courts by certiorari or de novo proceedings." The plain text of the statute shows that the discretionary application process is implicated when there is an appeal to the superior court. A transfer under Rule 19.1(I) is not an appeal to the superior court. Rather, Rule 19.1(I) expressly states that the transferred "action thereafter shall continue in the transferee court as though initially commenced there[.]" Because this

5

case is treated as though it was initially commenced in superior court, the transfer of the case did not transform the case into an appeal to the superior court.

The fact that McDaniel styled his motion as one seeking "de novo review" is of no consequence, because there is no magic in nomenclature. *See Chance v. Planters Rural Tel. Coop., Inc.*, 219 Ga. 1, 5 (131 SE2d 541) (1963). Contrary to McDaniel's argument, his request for a "de novo review" did not transform the case before the superior court into the equivalent of an appeal, with the attendant judicial mechanisms for reviewing and correcting claimed errors. That the transferee court is not conducting a type of appellate review is demonstrated by the options available under Rule 19.1(I), which are limited to reissuing or vacating the transferor court's prior rulings. Although appellate courts may vacate, affirm, or reverse lower court orders, they do not "reissue" them. Thus, rather than conducting a judicial review as an appellate body, the transferee court's task contemplated under Rule 19.1(I) is to stand in the place of the transferor court and consider whether any prior rulings were correct. This type of review is similar to the plenary power a court has to revise or vacate its own orders and judgments during the term in which they were rendered. *See Deen v. Baxley State Bank*, 192 Ga. 300, 303 (1) (15 SE2d 194) (1941).

6

Given this plenary authority to revise and modify prior rulings, the superior court, as the transferee court, was allowed to revisit the prior denial of a motion for summary judgment. "A prior denial of a motion for summary judgment does not foreclose the subsequent grant of summary judgment, inasmuch as an order is subject to revision at any time before the entry of judgment adjudicating all the claims and liabilities of the parties." *Buchan v. Lawrence Metal Prods., Inc.*, 270 Ga. App. 517, 518 (1) (607 SE2d 153) (2004) (footnote omitted). Cook Pecan, as the losing party, had the right to bring a direct appeal from the order granting summary judgment. OCGA § 9-11-56(h). Accordingly, Cook Pecan was not required to follow the discretionary application process under OCGA § 5-6-35(a)(1), and we have jurisdiction over this appeal.

2. Turning to Cook Pecan's arguments, Cook Pecan argues that the superior court erred in granting summary judgment to McDaniel on the breach of contract claim because when reviewing the state court's denial of McDaniel's summary judgment motion under Rule 19.1(I), the superior court was allowed only to reissue or vacate the state court's ruling. We disagree.

As discussed above, Rule 19.1(I) provides that, in reviewing any prior orders, the transferee court may thereafter reissue or vacate those orders. Cook Pecan

7

recognizes that the superior court implicitly vacated the state court's ruling by granting summary judgment to McDaniel, but argues that Rule 19.1(I) requires an explicit vacatur. However, nothing in Rule 19.1(I) states that the transferee court must expressly vacate a prior interlocutory order, as opposed to vacating it by implication, and Cook Pecan's argument to the contrary elevates form over substance.

Cook Pecan also ignores the import of Rule 19.1(I)'s express statement that the transferred "action thereafter shall continue in the transferee court as though initially commenced there[.]" The fact that McDaniel's motion for summary judgment was previously denied did not foreclose the superior court's authority to subsequently grant summary judgment. *See Buchan*, 270 Ga. App. at 518 (1). Thus, the superior court had the authority to grant summary judgment if no issues of material fact existed and it concluded that McDaniel was entitled to judgment as a matter of law.

Not surprisingly, Cook Pecan makes no argument that McDaniel was not entitled to such a judgment based on the undisputed facts. The written agreement in question provided that, upon McDaniel's acquisition of the property, he would sign a lease agreement with Cook that would allow Cook Pecan to maintain and harvest the crops on the property through the end of 2012. Although the parties treat this promise to enter into a future leasing agreement as a binding contract, there is no

evidence that a leasing agreement was ever entered into. Assuming without deciding that the agreement to enter a future leasing agreement is enforceable,[3] any contractual right that Cook Pecan had to harvest the crops on McDaniel's property expired on December 31, 2012. Thus, McDaniel could not be said to have breached any agreement, and we affirm the superior court's grant of summary judgment to McDaniel on the breach of contract claim.

3. Cook Pecan also argues that the superior court erred in concluding that Cook Pecan's complaint was not properly amended to raise an unjust enrichment claim. We agree.

(a) Under OCGA § 9-11-15(a), amendments to a complaint may be filed at any time before entry of a pre-trial order without permission of the court, and "the right to amend pleadings under the Civil Practice Act is exceedingly broad." *Bandy v. Hosp. Auth. of Walker Cty.*, 174 Ga. App. 556, 557 (1) (b) (332 SE2d 46) (1985). A pending motion for summary judgment will not preclude a party from amending his

_____

[3] *See Hewitt Assocs., LLC v. Rollins, Inc.*, 294 Ga. App. 600, 602 (669 SE2d 551) (2008) ("Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. Thus, an agreement to reach an agreement is a contradiction in terms and imposes no obligation on the parties thereto.").

or her complaint. *See Skylake Property Owners Ass'n. v. Powell*, 281 Ga. App. 715, 720 (3) (637 SE2d 51) (2006). "[A]nd there is no prohibition against pleading a new cause of action[.]" *Hutto v. Plagens*, 254 Ga. 512, 514 (2) (330 SE2d 341) (1985).

Here, there was no pretrial order in this case, and Cook Pecan filed its amended complaint raising claims of unjust enrichment and quantum meruit before the superior court ruled on McDaniel's motion for a "de novo review" of the state court's denial of his summary judgment motion. Under OCGA § 9-11-15(a), Cook Pecan had the right to amend its complaint to add the additional claims until the superior court ruled on McDaniel's motion.

McDaniel argues that its right to review under Rule 19.1(I) trumped Cook Pecan's statutory right to amend its complaint. Specifically, McDaniel argues that Cook Pecan could not amend the complaint to change the posture of the case while the superior court was conducting an appellate-level review of the state court's ruling under Rule 19.1(I). As explained above in Division 1, however, the superior court was not sitting as an appellate body when reviewing the state court's order. Rather, because the case is treated as having originated in the superior court, the superior court's review was akin to a reconsideration of its own rulings. Moreover, because local court rules may not contravene the substantive framework of the Civil Practice

10

Act of which OCGA § 9-11-15(a) is part,[4] we refuse to read Rule 19.1(I) as placing a limitation on a party's right to amend a complaint even when a motion for summary judgment is pending. Thus, the superior court erred in concluding that Cook Pecan failed properly to amend its complaint.[5]

(b) McDaniel argues that we nevertheless should affirm the grant of summary judgment to him on Cook Pecan's unjust enrichment and quantum meruit claims because they fail as a matter of law based on the unchallenged findings of the superior court on Cook Pecan's contractual claim. We may affirm the trial court's grant of summary judgment if it is right for any reason, whether stated or unstated,

---

[4] *Hayes v. Fernandez*, 176 Ga. App. 332, 332 (335 SE2d 735) (1985).

[5] Although we conclude that Cook Pecan properly amended its complaint to assert equitable claims, this does not divest us of jurisdiction over the appeal. Our Supreme Court's exclusive appellate jurisdiction over "equity cases" is not invoked when, as here, the grant or denial of equitable relief was merely ancillary to underlying issues of law, but rather is limited to cases in which a specific substantive issue raised on appeal involves the legality or propriety of equitable relief sought in the superior court. *See Durham v. Durham*, 291 Ga. 231, 232-34 (2) (728 SE2d 627) (2012) (also noting that the case law regarding that Court's jurisdiction "long ago broke any direct link with the jurisdiction of the superior courts over 'equity cases.'") (footnote omitted); *see also GMAC Mortgage, LLC v. Pharis*, 328 Ga. App. 56, 58 n.2 (761 SE2d 480) (2014) (noting that the Supreme Court transferred that appeal to this Court because "the unjust enrichment claims [did] not involve substantive issues of equity since resolution of the claim involves only the determination of the underlying legal issues.").

11

so long as the legal basis was fairly presented in the court below. *See Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013); *Bailey v. Hall*, 267 Ga. App. 222, 223, n.1 (599 SE2d 226) (2004).

Although McDaniel argued below that any unjust enrichment claim failed, he did not specifically address a quantum meruit claim. Thus, we will not apply the right-for-any reason rule as to the quantum meruit claim.

Regarding the unjust enrichment claim, as noted above in Division 2, it is unclear whether there was ever a valid contract between the parties. Although it was not necessary for us to resolve the issue in order to affirm the grant of summary judgment on a breach of contract claim, a claim of unjust enrichment will lie only if there is no legal contract. *See Jones v. White*, 311 Ga. App. 822, 827 (1) (b) (717 SE2d 322) (2011); *see also Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*, 246 Ga. App. 729, 730 (541 SE2d 699) (2000) ("Recovery in quantum meruit is not authorized when . . . the claim is based on an express contract[.]") (footnote and citations omitted). Given the lack of clarity and the absence of a ruling below on this point, we decline to apply the right-for-any-reason rule and consider legal theories not addressed by the superior court on summary judgment. *See City of Gainesville v. Dodd*, 275 Ga. 834, 838-39 (573 SE2d 369) (2002) (appellate courts retain discretion

12

in determining whether to apply the right-for-any-reason rule and consider alternative legal theories not addressed by the trial court on summary judgment). Accordingly, we affirm in part and reverse in part.

*Judgment affirmed in part; reversed in part. Phipps, P. J., and Dillard, J., concur.*